# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**12-1168**

SHANELLE CHAPMAN

VERSUS

COUSHATTA TRIBE OF LOUISIANA, ET AL.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 06-05787
CHARLOTTE L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

## MARC T. AMY
### JUDGE

**********

Court composed of Marc T. Amy, Shannon J. Gremillion, and John E. Conery, Judges.

**AFFIRMED.**

Michael B. Miller
Miller and Associates
Post Office Box 1630
Crowley, LA 70527-1630
(337) 785-9500
COUNSEL FOR PLAINTIFF/APPELLANT:
    Shanelle Chapman

M. Jeremy Berthon
Johnson, Rahman & Thomas
Post Office Box 98001
Baton Rouge, LA 70898-8001
(225) 231-0925
COUNSEL FOR DEFENDANTS/APPELLEES:
    Louisiana Workers' Compensation Corporation
    Coushatta Tribe of Louisiana

**AMY, Judge.**

The employee appeals the workers' compensation judge's determination that the employer demonstrated her ability to earn ninety percent of her pre-injury wage and that it proved the availability of suitable jobs. The employee specifically contests the workers' compensation judge's rejection of her assertion that the employer's rehabilitation efforts were insufficient. The employee appeals. For the following reasons, we affirm.

### Factual and Procedural Background

Shanelle Chapman sustained injury in the course and scope of her employment as a cook at the Coushatta Casino Resort. Pursuant to a 2007 consent judgment, the Coushatta Tribe of Louisiana and its workers' compensation insurer, Louisiana Workers' Compensation Corporation, began providing supplemental earnings benefits at a rate of $230.91.

This matter arises from the defendants' filing of a Motion for Modification of Judgment in November 2011, wherein they alleged that the claimant had been released to return to work from a sedentary to a full duty capacity by her physicians. The defendants also asserted that a vocational rehabilitation counselor, Buster Fontenot, had provided vocational rehabilitation to Ms. Chapman and had further identified available positions within Ms. Chapman's work capabilities. Therefore, the defendants sought a modification of the consent judgment to reflect that Ms. Chapman's entitlement to SEBs was based on a post-accident wage earning capacity.

At the hearing on the motion for modification, Ms. Chapman challenged the adequacy of the vocational rehabilitation offered. However, the workers' compensation judge ruled in favor of the defendants, finding Ms. Chapman capable

of earning ninety percent or more of her pre-injury wages. Therefore, the resulting ruling declared that the employer "has no further obligation to pay workers' compensation disability benefits." The workers' compensation ruling further declared that "the vocational rehabilitation provided was appropriate and job placement is not required."

The claimant appeals that ruling, assigning the following as error:

1. The workers' compensation judge erred in allowing the rehabilitation file of Mr. Buster Fontenot and the statements of Mr. Fontenot's employees into evidence.

2. It was error for the workers' compensation judge to award the Coushatta Tribe of Louisiana and LWCC a credit against Shanelle Chapman's indemnity benefits.

## Discussion

*Evidence*

Ms. Chapman first briefly touches upon an evidentiary issue encountered at the compensation hearing. Namely, she contends that the defendants should not have been permitted to introduce Mr. Fontenot's vocational rehabilitation file into evidence. Ms. Chapman asserts that, despite the defendants having had the file in their possession for several months before the hearing, it was not provided to her attorney until the day of the hearing. Ms. Chapman contends that the five minutes provided by the workers' compensation judge for review of the file was inadequate. Having reviewed the transcript, we find no merit in this assignment of error.

The transcript reveals that Ms. Chapman's attorney primarily questioned the contents of the compensation file, suggesting that certain documents that he had in his possession had been removed. The attorney otherwise suggested that certain

2

aspects of the related testimony constituted hearsay as some documentation was initially generated by vocational consultants who did not testify at trial. On this point, however, the workers' compensation judge pointed out that she would allow Mr. Fontenot to testify and would make a specific ruling regarding the admissibility of the file afterward. Ms. Chapman's objection was revisited at several points of Mr. Fontenot's testimony. At the end of the hearing, the following exchange and ruling occurred:

> [Ms. Chapman's counsel]:
> Judge, I did object. And as we have seen by the testimony of the witness, there were more than one document missing from these particular records. Both of those documents are crucial, the original interview form and the documents concerning what he was supposed to do in providing vocational rehabilitation. I was given this information about . . . five minutes before you came in, Judge. I have not looked through all the records and compared them with mine, but there are other records missing, too, the portions of which I don't know, so I object on the fact that they're not complete. I don't have a problem with the ones that I have seen being authentic but they're just not complete; that was my - - basically, that was my objection to it.
>
> [Defense counsel]:
> You Honor, they should be allowed in and give it whatever weight you believe it's due, especially since he's been able to identify two of the things he believes should have been in there that weren't and those have been admitted without any objection from me.
>
> THE COURT:
> The Court is going to allow the records to be admitted into evidence, but I will also recognize that some of the documents that were discussed with Mr. Fontenot are not in the record, so I agree with both of you: They should be admitted and they are not - - the records are not complete.

Louisiana Revised Statutes 23:1317 requires that a workers' compensation judge's factual findings be based on competent evidence. *See also Chaisson v. Cajun Bag & Supply Co.*, 97-1225 (La. 3/4/98), 708 So.2d 375. However, the statute further provides that workers' compensation judges are not bound by technical rules of evidence or procedure. *Id. See also* La.Code Evid. art. 1101(B).

Rather, on review, an appellate court considers whether a workers' compensation judge's factual findings are reasonably supported by competent evidence. *Chaisson*, 708 So.2d 375.

Given the circumstances here, we find that the workers' compensation judge permissibly found the vocational rehabilitation file to be competent evidence. Mr. Fontenot testified regarding the course of the multi-year rehabilitation efforts expended in this case. He did so under extensive cross-examination by the claimant's attorney, a portion of which explicitly addressed the completeness and adequacy of the file at issue. As pointed out in the above colloquy, some of this questioning addressed documents that the attorney had in his possession, but which were not seemingly contained in the counselor's file.[1]

In light of the testimony provided, as well as the procedural and evidentiary standards applicable in workers' compensation matters, we find no merit in the assertion that the workers' compensation judge erred in admitting the file into evidence.

This assignment lacks merit.

*Benefits*

Ms. Chapman next questions the workers' compensation judge's ultimate determination that the defendants satisfied their burden of proving that she is capable of earning ninety percent of her pre-injury wages, and that the employer is, therefore, no longer obligated to pay workers' compensation disability benefits. Instead, Ms. Chapman asserts that the employer failed to provide adequate

---

[1]The workers' compensation judge addressed the issue of the adequacy of the file, stating: "I think, as fact finder, I can decide whether they need to be in his file or otherwise. If they have to do with Ms. Chapman, with Ms. Chapman's case, presumably they should be in the file. In this case, these documents are not."

4

vocational rehabilitation services. She alleges many deficiencies in the services rendered. Ms. Chapman's arguments in brief echo those she made below in an effort to establish that the vocational rehabilitation services offered to her were insufficient.

While Ms. Chapman frames this case as one involving sufficiency of the vocational rehabilitation efforts, it was not instituted under La.R.S. 23:1226(B)(3)(a)[2] for the purpose of questioning the quality of the vocational rehabilitation she was receiving. Instead, the chief question before the workers' compensation judge involved the defendants' attempt to prove that Ms. Chapman was no longer entitled to the SEB benefits that she had been receiving. We review this assignment of error within that framework.

Louisiana Revised Statutes 23:1221(3)(c)(i) provides as follows with regard to the availability of SEBs:

> Notwithstanding the provisions of Subparagraph (b) of this Paragraph, for purposes of Subparagraph (a) of this Paragraph, if the employee is not engaged in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, or is earning wages less than the employee is able to earn, the amount determined to be the wages the employee is able to earn in any month shall in no case be less than the sum the employee would have earned in any employment or self-employment, as described in Subparagraph (b) of this Paragraph, which he was physically able to perform, and (1) which he was offered or tendered by the employer or any other employer, or (2) which is proven available to the employee in the employee's or employer's community or reasonable geographic region.

---

[2]La.R.S. 23:1226(B)(3)(a) provides that:

The employer shall be responsible for the selection of a licensed professional vocational rehabilitation counselor to evaluate and assist the employee in his job placement or vocational training. Should the employer refuse to provide these services, or a dispute arises concerning the work of the vocational counselor, the employee may file a claim with the office to review the need for such services or the quality of services being provided. The procedure for hearing such claims shall be expedited as provided in R.S. 23:1124.

In *Clay v. Our Lady of Lourdes Reg. Med. Ctr.*, 11-1797 (La. 5/8/12), 93 So.3d 536, the supreme court addressed La.R.S. 23:1221(3)(c)(i) in the context of the parties' respective burdens of proof. It stated that, once an employee meets his or her initial burden of entitlement to benefits, an employer attempting to defeat that claim "must prove, by a preponderance of the evidence, that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employer's community or reasonable geographic region." *Id.* at 539.

In this case, it is unquestioned that Ms. Chapman was receiving SEBs resulting from a back injury, that she could no longer perform her former position, and that her pain management physician determined that she had reached maximum medical improvement. Thus, the employer attempted to demonstrate the availability of certain jobs in the employee's or the employer's community or reasonable geographic region pursuant to La.R.S. 23:1221(3)(c)(i).

On this latter element of job availability, the supreme court has explained that an employer may satisfy its burden of proof by establishing, with competent evidence, at a minimum:

> (1)    the existence of a ***suitable job*** within claimant's physical capabilities and within claimant's or the employer's community or reasonable geographic region;
>
> (2)    the amount of wages that an employee with claimant's experience and training can be expected to earn in that job; and
>
> (3)    an actual position available for that particular job at the time that the claimant received notification of the job's existence.

*Clay*, 93 So.3d at 539 (quoting *Banks v. Indus. Roofing & Sheet Metal Works, Inc.*, 96-2840, pp. 10-11 (La. 7/1/97), 696 So.2d 551, 557).

In this case, the workers' compensation judge stated the following in finding that the defendants had sustained their burden of proof:

> It is ordered that the claimant is capable of earning 90 percent or more of her pre-injury wages and, therefore, defendant has no further obligation to pay workers' compensation disability benefits. The vocational rehabilitation provided was appropriate and job placement is not required.
>
> The claimant is not working. The vocational rehabilitation counselor located jobs approved by claimant's doctors. The claimant argues that it is impractical for her to accept the jobs because she does not have transportation and the jobs are not within her geographic region.
>
> . . . .
>
> In this case, the claimant is a 27-year-old female. The jobs presented to the claimant were approved by claimant's treating physicians. She applied for the jobs in Eunice; however, one called her back. After reviewing the record, the Court finds that the vocational rehabilitation provided was appropriate under *Banks* and job placement was not required. The Court considered the fact that the claimant applied for the jobs and did not get a job. Since the Supreme Court in *Clay v. Our Lady of Lourdes Regional Medical Center, Inc.,* 2011-C-1797 (05-18-2012) has made it very clear that courts cannot monitor claimants who may apply but sabotage efforts to actually obtain the jobs. For these reasons, job placement is not required and the claimant is capable of earning 90 percent or more of her pre-injury wages and, therefore, defendant has no obligation to pay benefits.

Our review of the record reveals no manifest error in this ruling. Instead, the record indicates that Mr. Fontenot performed a vocational assessment and repeated job surveys beginning in 2007. It further indicates that Ms. Chapman's pain management physician and orthopedic surgeon approved a number of those positions as suitable for her limitations. After the final survey, in November 2011, Ms. Chapman's pain management physician again confirmed that she had reached maximum medical improvement and that she could return to some type of employment, with a lifting capacity of no more than ten to fifteen pounds.

7

The pain management physician approved six of the nine positions submitted by Mr. Fontenot, including positions as a security worker, a sewing machine operator, a hotel front desk clerk, a custodian, and a cashier. The physician did, however, deny approval of two additional clerk positions and a customer service representative position. The job descriptions for each, including the hourly wage attributable to each, is included within the defendants' exhibit. Admittedly, Mr. Fontenot did not testify regarding the number of hours the job applicant for these positions would be expected to work each week. However, given the otherwise detailed nature of the job descriptions, and in light of the hourly wage contained on the descriptions, we find no manifest error in a determination that such an omission was not fatal to the overall proof regarding the amount of wages offered by each position.

Mr. Fontenot testified that, while he may not have personally verified the availability of the positions at the time they were submitted, a consultant did so. Further, while Ms. Chapman explained that she applied for and did not receive the positions submitted, the supreme court has repeatedly remarked that actual job placement is not required. *Clay*, 93 So.3d 536 (citing *Seal v. Gaylord Container Corp.*, 97-0688 (La. 12/2/97), 704 So.2d 1161). *See also Banks*, 696 So.2d 551.

Neither do we find merit in Ms. Chapman's position that the workers' compensation judge should have considered the positions unavailable since she did not have a vehicle to reach those in communities outside of her hometown of Eunice. Significantly, La.R.S. 23:1221(3)(c)(i) provides only that the employer must demonstrate that a job is "*available to the employee in the employee's or employer's community or reasonable geographic region.*" (Emphasis added.) Additionally, the workers' compensation judge was aware that Ms. Chapman had

been able to find transportation to her previous place of employment and, as established on cross-examination, she had access to transportation, whether through family members or a vehicle she had in her possession during the time period in questions. In short, the record supports the conclusion that job availability within the reasonable geographic region was demonstrated.

Finally, Ms. Chapman devotes a portion of her argument questioning whether Mr. Fontenot abided by a written agreement entered into at the request of her attorney. She contends that his actions violated the agreement given certain bills submitted to the insurer which were not included in the rehabilitation file, certain communications with the defendants to which the claimant's attorney was not a party, and the submission of job descriptions that she contends were inappropriate under the circumstances. Further, Ms. Chapman argues, as she did at trial, that Mr. Fontenot violated ethical rules applicable to vocational rehabilitation counselors.

Notably, however, this is not a case arising under La.R.S. 23:1226(B)(3)(a) in which the workers' compensation court had previously ordered such employee-requested conditions. *See Hargrave v. State, DOTD*, 12-0341 (La. 10/16/12), 100 So.3d 786 (wherein the Louisiana Supreme Court rejected a court's requirement that a vocational rehabilitation counselor comply with certain prophylactic claimant-requested conditions absent evidence as to an actual dispute regarding the quality of the services provided by the counselor or the necessity of such services.)[3] Rather, this case involved an employer's attempt to satisfy its burden of

---

[3] Similarly, Ms. Chapman's reliance on a 1995 opinion from this court, *Maxie v. Brown Indus., Inc.*, 95-19 (La.App. 3 Cir. 5/21/95), 657 So.2d 443, *writ denied*, 95-1630 (La. 10/6/95), 661 So.2d 469, is not persuasive in this case. Rather, since *Maxie*, La.R.S. 23:1226 has been amended to provide an injured employee with an avenue for review of the quality of the vocational rehabilitation services provided. In *Hargrave*, 100 So.3d 786, the supreme court

proving that an employee was no longer entitled to payment of SEB benefits. In this context, we find no error in the workers' compensation judge's determination that the alleged deviations from the claimant-requested conditions or the ethical standards were not sufficient to have undermined the defendants' evidence regarding their burden of proof under La.R.S. 23:1221(3)(c)(i).

This assignment lacks merit.

## DECREE

For the foregoing reasons, the ruling of the workers' compensation judge is affirmed. Costs of this proceeding are assessed to the appellant, Shanelle Chapman.

**AFFIRMED.**

---

recognized the significance of this legislation following the jurisprudence of the 1980s and 1990s addressing inadequate vocational rehabilitation services. Again, Ms. Chapman did not seek the remedy available to her through La.R.S. 23:1226(B)(3)(a).