619 So.2d 155 (1993)
J. Minos SIMON, Plaintiff-Appellant,
v.
Henry C. PERRET, Jr., et al., Defendants-Appellees.
No. 92-1092.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1993.
*156 Donna K. Brown, Lafayette, for J. Minos Simon.
John Knox Hill, Jr., Lafayette, for Henry C. Perret, Jr., et al.
Dennis Lee Doise, Lafayette, for Leslie Thibodeaux.
Before LABORDE, THIBODEAUX and DECUIR, JJ.
THIBODEAUX, Judge.
Plaintiff, J. Minos Simon, appeals a grant of summary judgment in favor of defendants, L.P. Thibodeaux, Ian A. MacDonald and Henry C. Perret, Jr., dismissing his abuse of process suit. We reverse and remand.

FACTS
In 1986, Simon filed suit against Thibodeaux and others in the Fifteenth Judicial District Court, Parish of Lafayette, titled "J. Minos Simon d/b/a Dixieland Farm v. Fasig-Tipton, et al," and bearing docket number 85-6761 "G". That suit involved disputes over the existence of a partnership or joint venture between Simon and Thibodeaux, their alleged joint ownership of race horses and the right to awards generated by the race horses. Of relevance to this case is the dispute over the right to the awards.
The Louisiana Department of Economic Development is responsible for paying registered breeders the awards won by their horses in sanctioned races in Louisiana. Payment is made by check to the persons named on a "breeder's certificate" issued by the state. In the present case, both Simon and Thibodeaux were named on the breeding certificates for the horses generating the awards in question. DOED issued the checks made payable jointly to the two parties, which required the endorsement of both payees before the check could be cashed. Thibodeaux alleges the checks were sent to Simon who somehow managed to deposit them in his personal account without Thibodeaux's endorsement and without giving Thibodeaux his share.
Thibodeaux began corresponding by letter with DOED in an attempt to prevent the award checks from being issued solely to Simon. He suggested that separate checks be issued, or that they deposit the funds in the registry of the court where "Simon v. Fasig-Tipton" was already pending so the parties could determine entitlement. The latter suggestion was likewise suggested to DOED by the Louisiana Attorney General's Office as a way for DOED to fulfill its obligation and avoid involving itself in litigation. DOED responded by letter to Thibodeaux informing him of the Attorney General's suggestion and requesting that he file a motion to have the funds deposited.
Thibodeaux presented an ex parte motion to the judge presiding over "Simon v. Fasig-Tipton" who signed an order authorizing the deposit of all awards in question into the registry of the court. DOED complied with the order, sending the checks to the clerk of court. The clerk of court could not deposit the funds in the registry, however, because Simon refused to endorse the checks. Eventually, the judge recalled his previous order and issued a new one sequestering fifty percent of the unpaid breeder's awards, representing the amount actually in dispute. As a result, Simon filed this suit claiming defendants committed an abuse of process by attempting to improperly invoke a concursus proceeding for the purpose of preventing him from getting his share of the awards.
Defendants moved for summary judgment and Simon moved for partial summary judgment on the issue of liability. The trial judge granted defendants' motion and denied Simon's. Simon appeals and raises one assignment of error.

ISSUE
The sole issue before this court is whether summary judgment was properly granted.

*157 DISCUSSION
Summary judgment is properly granted under LSA-C.C.P. art 966 where"... there is no issue as to material fact and [the] mover is entitled to judgment as a matter of law." The trial judge found, and the parties agree, that the material facts are not in dispute. The sole question is whether, as a matter of law, defendants were entitled to judgment.
Abuse of process is a cause of action originating from the common law and recognized under our jurisprudence as a compensable tort under LSA-C.C. art. 2315. Mini-Togs, Inc. v. Young, 354 So.2d 1389 (La.App. 2d Cir.1978). This court discussed the elements of abuse of process in Stark v. Eunice Superette, Inc., 457 So.2d 291, 295 (La.App. 3d Cir.1984):
The two essential elements of abuse of process are: (1) an ulterior purpose and (2) a wilful act in the use of the process not proper in regular conduct of the proceeding. It involves the misuse of a process already legally issued whereby a party attempts to obtain some result not proper under law. (Citations omitted).
Further explanation of the requirements of an abuse of process claim is found in the language of Chain v. International City Bank and Trust Company, 333 F.Supp. 463, 465 (E.D.La.1971), wherein the Court stated that "... the gist of the wrong is to be found in the use to which the process is put." Citing Harper and Jones in The Law of Torts, Volume 1, Sec. 4.9, the Court went on to say:
If it is employed for the purpose for which it was designed, that is, the redress of a legal wrong, the person who utilizes the legal process has committed no tort even though he may have had a vicious or vindictive motive. `But the moment he attempts to attain some collateral objective, outside the scope of the operation of the process employed, a tort is then consummated.'
The foregoing language reveals that the legal elements of an abuse of process claim do not provide a sterile rule of law which may be plugged into a given set of facts and produce and obvious answer. This is so because intent and motive are crucial factors in maintaining the claim.
Defendants attempted to have DOED deposit the funds in the registry of the court by filing an ex parte motion seeking judicial authorization. This was not correct procedure for invoking a concursus proceeding, as mandated by LSA-C.C.P. arts. 4651-4662. However, improper procedure does not, in and of itself, give rise to an abuse of process claim. Actually, it appears concursus was within their right and may have been beneficial had it been properly invoked.
Nevertheless, the inquiry necessary to resolve the issue is: what motivated defendants to file the motion and what was the intended result. Such inquiries require subjective factual determinations. Determinations of subjective facts, such as intent, motive, knowledge or good faith, are rarely appropriate for summary judgment. Penalber v. Blount, 550 So.2d 577 (La. 1989).
In this instance, the application of law to known fact does not present an obvious answer. For that reason, any doubt must be resolved against the mover and in favor of trial on the merits. Thornhill v. Black, Sivalls, and Bryson, Inc., 394 So.2d 1189 (La.1981). The fact that defendants might likely prevail on the merits cannot justify a granting, or an affirmance, of summary judgment. Chapeuis v. Cassimano, 568 So.2d 606 (La.App. 4th Cir.1990), writ denied, 571 So.2d 629 (La.1990). Accordingly, we hold the requirements of subjective factual determinations as to the motive and intent of defendants' use of process demand a trial on the merits and reverse the trial judge's grant of summary judgment.

CONCLUSION
For the foregoing reasons, we reverse and remand for disposition in accordance with our ruling. Costs are charged to appellees.
REVERSED AND REMANDED.