# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 07-610

**GLENN M. HEBERT**

**VERSUS**

**LOUISIANA LICENSED PROFESSIONAL
VOCATIONAL REHABILITATION COUNSELORS AND
SY ARCENEAUX**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. 20064643
HONORABLE BYRON HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**SYLVIA R. COOKS
JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Chief Judge Ulysses Gene Thibodeaux, Sylvia R. Cooks, Billy H. Ezell, Judges.

**AFFIRMED IN PART; REVERSED IN PART; AMENDED; AND
REMANDED.**

**R. Scott Iles
P.O. Box 3385
Lafayette, Louisiana 70502
1200 West University
Lafayette, Louisiana 70506
(337) 234-4080
COUNSEL FOR PLAINTIFF/APPELLANT:**
    Glenn M. Hebert

**David A. Hurlburt**
**Hurlburt, Privat & Monrose**
**Post Office Drawer 4407**
**Lafayette, Louisiana 70501**
**(337) 237-0261**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Sy Arceneaux**


**Stephen W. Glusman**
**Glusman, Broyles & Glusman, LLC**
**P.O. Box 2711**
**Baton Rouge, Louisiana 70821**
**(225) 387-5551**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Louisiana Licensed Professional Vocational**
    **Rehabilitation Counselors Board of Examiners**

**COOKS, Judge.**

**OPINION ON REMAND**

In this case, Defendant, Sy Arceneaux, was hired to provide vocational rehabilitation services to an injured employee. The employee then hired Plaintiff, Glenn Hebert, to assess Mr. Arceneaux's work, which work Hebert found to be below acceptable standards. Mr. Hebert dubbed Mr. Arceneaux's work "sham rehabilitation" as that term was used by this Court in *Maxie v. Brown Industries*, 95-19 (La.App. 3 Cir. 5/31/95), 657 So.2d 443, *writ denied*, 95-1630 (La. 10/6/95), 661 So.2d 469, to indicate putting the financial interests of the employer ahead of the employee's best interest.

Mr. Arceneaux filed a complaint against Mr. Hebert with the Louisiana Licensed Professional Vocational Rehabilitation Counselors Board of Examiners (hereafter Board). Following a hearing on the matter, the Board found Mr. Hebert violated § 1604, Canon 4(A)(7) of the Code of Professional Ethics for Licensed Rehabilitation Counselors and issued an official reprimand to Mr. Hebert. The Board also required that he complete a pre-approved course of study in ethics.

Mr. Hebert then filed suit for mandamus and damages against Mr. Arceneaux and the Board, alleging they "conspired through an abuse of process to obtain ethical action by way of an ethical complaint." His petition sought damages for libel and dismissal of the ethical complaint. The Board filed an exception of improper venue, among other exceptions, and Mr. Arceneaux filed a motion to strike under La.Code Civ.P. art. 971.

The district court granted the motion to strike, specifically noting that it "can't see how [Mr. Hebert] would have any probability of success." The district court also awarded Mr. Arceneaux $5,000.00 in attorney fees as mandated by

La.Code Civ.P. art. 971.

The Board's exceptions were set for hearing, but prior to the hearing, Mr. Hebert and the Board reached an agreement on the exception of venue. The district court signed a consent judgment dismissing without prejudice Mr. Hebert's petition against the Board on the basis of improper venue.

On appeal, this court determined Mr. Hebert articulated, albeit inartfully, sufficient facts to allege the Board and Mr. Arceneaux acted in concert to infringe on his constitutional right to freely communicate with his client without reprisal or public reprimand. *See Hebert v. Louisiana Licensed Prof. Vocational Rehab. Counselors*, 07-610 (La.App. 3 Cir. ½3/08), 974 So.2d 824. We were satisfied that, in addition to abuse of process, Mr. Hebert's petition contained facts sufficient to show he may be successful in asserting a claim against Mr. Arceneaux and the Board for violating his First Amendment right, and thus, La.Code Civ.P. art. 971 was inapplicable because it does not demand dismissal of complaints seeking redress for constitutional violations. We remanded the matter to allow Hebert to amend his pleading to particularize the claims and facts demonstrating a constitutional deprivation under color of state law. Further, because we found dismissal of Arceneaux under La.Code Civ.P. art. 971 was improper, we concluded venue in Lafayette Parish would be proper as to the Board and, therefore, reversed the consent judgment dismissing the Board.

The Board and Mr. Arceneaux filed writs to the Louisiana Supreme Court. It appears that initially the Supreme Court released two decisions in this case. On May 9, 2008, in the Court's "News Release # 032", a per curiam opinion was issued addressing the writ applications filed by both Arceneaux and the Board. It granted both writs and reversed our opinion, reinstating and affirming the

judgment of the trial court. However, on May 12, 2008, the per curiam opinion was replaced with a different order, reversing our judgment, but remanding the matter to the court of appeal "to address the applicability of La.Code Civ.P. art. 971 based on the showing made, i.e., plaintiff's petition as presently drafted." That order was silent as to the Board's consent judgment.[1] This order was the only direct mail transmission to the parties, and we accept it as the official ruling of the Supreme Court in this case. That order, in its entirety, stated:

> Writs Granted. The judgment of the court of appeal is vacated. The appellate court's discussion of the constitutionality of § 1604, Canon 4(A)(7) of the Code of Professional Ethics for Licensed Rehabilitation Counselors is not appropriate as that issue was not raised by the parties. *See Vallo v. Gayle Oil Company, Inc.*, 94-1238 (La.11/30/94), 646 So.2d 859, 864 (stating the longstanding jurisprudential rule of law in Louisiana that *litigants* must raise constitutional attacks *in the district court,* not the appellate courts, and the constitutional challenge must be specially pleaded and the grounds for the claim particularized). Accordingly, this matter is remanded to the court of appeal to address the applicability of La. Code Civ. Proc. art. 971 based on the showing made, i.e., plaintiff's petition as presently drafted.

## ANALYSIS

Accepting the Supreme Court's instructions as binding on this Court, we have carefully examined plaintiff's petition as presently drafted and the defense to it affirmatively asserted by the defendants. Louisiana Code of Civil Procedure article 971 also instructs in making our determination, we "shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Defendant, Mr. Arceneaux, in addition to answering the petition, filed an affidavit setting forth his version of the facts.

---

[1]We note, as well, on May 22, 2008, Mr. Arceneaux filed an Application for Rehearing with the Supreme Court, requesting it grant rehearing to clarify the two conflicting decisions. On June 20, 2008, the Application for Rehearing was denied.

Plaintiff's petition seeking tort recovery is premised on two separate causes of action: (1) defamation and (2) abuse of process. The petition recites that defendant Mr. Arceneaux's libelous conduct consisted of filing a complaint with the Louisiana Licensed Professional Vocational Rehabilitation Counselors Board of Examiners alleging that "Mr. Hebert in complying with the letter of the law issued by the Third Circuit Court of Appeal amounts to an ethical infraction." The petition further states, in addition to engaging in a conspiracy with Mr. Arceneaux, the Louisiana Licensed Professional Vocational Rehabilitation Counselors Board of Examiners conduct was "libelist [sic] in its promulgated decision reprimanding Mr. Hebert for the cautious and meticulous compliance with the law of the Third Circuit Court of Appeal."

The petition also recites that the defendants' conduct constituted an abuse of process in the following particulars:

1.

The above named defendants conspired through an abuse of process to obtain ethical action by way of an ethical complaint designated Complaint Number 02-2004 against your petitioner in derogation of the law of the Third Circuit Court of Appeal as it applies to vocational rehabilitation work in cases involving injured workers who may have been injured in the course and scope of employment and thereby entitled to vocational rehabilitation benefits through the Louisiana Worker's Compensation Act.

10.

In the Louisiana Third Circuit Court of Appeal decision of *Maxie v. Brown Industries*, 657 So.2d 443 (La.App. 3 Cir. 1995), *writ denied*, Chief Judge Thibodeaux authored an opinion which extensively set out the obligation of a vocational rehabilitation counselor to the injured worker and not to the insurance company who hired him. In that decision, Chief Judge Thibodeaux wrote:

"This so-called 'client-counselor' relationship is a subterfuge whose apparent purpose is to advance the interests of the entity which is paying for the services. It is no more than a cruel diversion from the reality of the goals it ought to advance. Regrettably, the use of vocational rehabilitation 'experts' has become a forensic tool on behalf of employers who use it to betray the salutary principles and

obfuscate the ameliorative objectives of our workers' compensation laws."

11.

Vocational Rehabilitation Counselor Sy Arceneaux is well familiar with the decisions of the Third Circuit Court of Appeal as the decisions have been published to him by Crowley Attorney Mike Miller who has demanded that Sy Arceneaux sign an agreement whereby he will abide by the dictates of the Louisiana Third Circuit Court of Appeal by putting the interests of the injured worker ahead of the financial interests of the worker's compensation insurance companies.

12.

Despite direct knowledge of these decisions, Sy Arceneaux's complaint with the Louisiana Licensed Professional Vocational Rehabilitation Counselors Board of Examiners constitutes a tort of "abuse of process" in that he used a legal process to seek tortious sanctions against your petitioner because your petitioner correctly stated the law of the Louisiana Third Circuit Court of Appeal to the injured worker.

15.

Furthermore, the Louisiana Licensed Professional Vocational Rehabilitation Counselors Board of Examiners has acted in collusion and conspired with Sy Arceneaux to discipline Mr. Hebert for repeating the word of the law of the Louisiana Third Circuit Court of Appeal. Instead of the Louisiana Licensed Professional Vocational Rehabilitation Counselors Board of Examiners commanding that its counselors put the injured workers' best interest always ahead of the financial interest of the insurance companies and businesses that pay the counselors, the Louisiana Licensed Professional Vocational Rehabilitation Counselors Board of Examiners has recalcitrantly dismissed the holding of the Louisiana Third Circuit Court of Appeal by referring to its decisions regarding vocational rehabilitation counselor's conduct as ". . . mere *dicta*".

16.

The failure of the Louisiana Licensed Professional Vocational Rehabilitation Counselors Board of Examiners to honor and respect the word of the law of the Louisiana Third Circuit Court of Appeal certainly adds insult to injury, literally and figuratively, to the Honorable Court of Appeal and vocational rehabilitation counselors who seek to follow the dictates of that Court.

17.

The Louisiana Licensed Professional Vocational Rehabilitation Counselors

Board of Examiners issuing directives in Lafayette Parish, Louisiana within the Third Circuit Court of Appeal in collusion with Sy Arceneaux and insulting the Louisiana Third Circuit Court of Appeal in its promulgated opinions and actions has caused damage to your petitioner, his practice as a vocational rehabilitation counselor, as well as to the needs and goals of injured workers in general.

Sustaining defendants' Motion to Strike, the trial court relied upon La.Code Civ.P. art. 971 which provides in relevant part:

(A)(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

(2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

. . . .

(B) In any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs.

. . . .

(F) As used in this Article, the following term shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:

(1) "Act in furtherance of a person's right of petition or free speech of the United States or Louisiana Constitution in connection with a public issue" includes but is not limited to:

(a) Any written or oral statement or writing made before a legislative, executive or judicial proceeding, or any other official proceeding authorized by law.

(b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.

### *Applicability of Motion to Strike under La.Code Civ. P. Art. 971*

Article 971 requires the party filing the Motion to Strike to demonstrate that

"the cause of action arises from an act in the exercise of this right of free speech regarding a public issue." *Johnson v. KTBS, Inc.*, 39,022, p. 3 (La. App. 2 Cir. 11/23/04); 889 So. 2d 329, 332, *writ denied*, 04-3192 (La. 3/11/05), 896 So.2d 68. Mr. Arceneaux contends he was ethically bound to report any alleged violations of the Code of Ethics to the Board and Mr. Hebert's lawsuit suppresses his right to speak out on a public issue. We agree that Mr. Arceneaux reported on a matter of public interest when he submitted a letter containing his complaint to the Board and his submission was an exercise of his right of free speech. Article 971 specifically extends its coverage to " [a]ny written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official body authorized by law." As noted in our earlier opinion, the Louisiana Licensed Professional Vocational Rehabilitation Counselors Board of Examiners was created under the Department of Health and Hospitals. La.R.S. 37:3441-3452. The legislature determined "that activities of those persons who render service to the public in the rehabilitation counseling area and use the title 'licensed professional vocational rehabilitation counselor' should be regulated for the protection of the public health, safety, and welfare." La.R.S. 37:3442.

## DEFAMATION

We have held that Article 971 applies to defamation claims. *Gwandiku v. State Farm Mut. Auto Ins. Co.*, 07-580 (La.App. 3 Cir. 10/31/07), 972 So.2d 334. Once Mr. Arceneaux satisfied his initial burden, Mr. Hebert was required to demonstrate that he has a "probability of success on his claim." La.Code Civ.P. art. 971. To succeed on his defamation claim, Mr. Hebert must prove: (1) defamatory words, (2) unprivileged publication; (3) falsity; (4) malice (actual or implied); and (5) injury. If one element of the defamation is lacking, the claim will

not prevail. Mr. Arceneaux affirmatively asserted in response to Mr. Hebert's petition that the submission he made to the Board was "privileged" and therefore Mr. Hebert's defamation claim arising as a result is not maintainable. One who makes an otherwise defamatory statement, enjoys a conditional privilege upon establishing that he made that statement in good faith, on a matter in which he had an interest or a duty, and to another person with a corresponding interest or duty. *Davis v. Benton*, 03-851 (La.App. 1 Cir. 2/23/04), 874 So.2d 185; *Smith v. Our Lady of the Lake Hosp. Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. A statement is made in good faith, when it is made with reasonable grounds for believing it is true. *Davis,* 874 So.2d at 190. In his letter, Mr. Arceneaux complained to the Board that Mr. Hebert violated Canon 4(A)(6) which specifically forbids discussion of the competency of rehabilitation counselors in a disparaging way with their clients by sending a letter to Mr. Jeansonne, a former client of Mr. Arceneaux. Further, Mr. Arceneaux's affidavit establishes he reasonably believed he had an "ethical obligation" to file the complaint with the Board and his representation that Mr. Hebert sent the letter to his former client was correct. Mr. Hebert does not deny he in fact sent the subject correspondence to Mr. Jeansonne. Mr. Arceneaux had an interest in the matter because the canon cited was designed to protect him from the conduct of other counselors who in communicating with his clients make disparaging remarks about his professional services or competency. Mr. Arceneaux's complaint was submitted to the Board which was statutorily created and authorized to address it. Therefore, we must find that Mr. Arceneaux's communication with the Board was subject to a conditional privilege; and the trial court correctly granted Mr. Arceneaux's motion to strike Mr. Hebert's defamation claim.

# ABUSE OF PROCESS

In *Simon v. Peret*, 619 So.2d 155, 157 (La.App. 3 Cir. 1993), we noted "[a]buse of process is a cause of action originating from the common law and recognized under our jurisprudence as a compensable tort under LSA-C.C. art. 2315." *See Mini-Togs, Inc. v. Young*, 354 So.2d 1389 (La.App. 2 Cir. 1978). This court in *Vasseur v. Eunice Superette, Inc.*, 386 So.2d 692 (La.App. 3 Cir.), *writ denied*, 393 So.2d 747 (La. 1980), stated the essential elements of a cause of action for abuse of process are (1) the existence of an ulterior purpose; and (2) a wilful act in the use of the process not in the regular prosecution of the proceeding.

In the Law of Torts, Volume I, §4.9 at p. 330, Harper and James, make clear that an abuse of process occurs "[w]hen the actor employs legal process in a manner technically correct, but for a wrongful and malicious purpose to obtain an unjustifiable end or an object which it was not the purpose of the particular process employed to effect." "The action is not for the wrongful bringing of an action or prosecution, but for the improper use, or rather 'abuse' of process in connection therewith . . . [that is], for a perversion of legal process." *Id.* The wrong lies in the use to which the process is put. If it is in fact used to redress a legal wrong, the person who invoked the legal process cannot be said to have committed any tort, even if his motive was vicious or vindictive. However, when he seeks by the use of such process to "attain some collateral objective, outside the scope of the operation of the process employed," a tort arises. *Id.* at 331.

Thus, the Louisiana Fourth Circuit Court of Appeal in *Goldstein v. Serio*, 496 So.2d 412 (La.App. 4 Cir. 1986), observed the defense of privileged communication may defeat a defamation action, but there are no cases where this affirmative defense has been recognized as a bar to an abuse of process claim.

This is so because the privilege applies only to "statements" or "speech" uttered to third parties during a proceeding. It does not attach to the intent of the parties in instituting the proceeding or the ulterior purpose to which the process is put once it is obtained or issued. *Id*. Therefore, the affirmative defense of conditional privilege advanced by Mr. Arceneaux is unavailing in defeating Mr. Hebert's abuse of process claim.

We turn to address the applicability of Article 971. The granting of a special motion to strike pursuant to Article 971 presents a question of law. Appellate review regarding questions of law is simply a review of whether the trial court was legally correct or legally incorrect. *Dixon v. First Premium Ins. Group*, 05-988 (La.App. 1 Cir. 3/29/06), 934 So.2d 134, *writ denied*, 06-978 (La. 6/16/06), 929 So.2d 1291. On legal issues, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and renders judgment on the record. *Clements v. Folse ex rel. Succession of Clements*, 01-1970 (La.App. 1 Cir. 8/14/02), 830 So.2d 307, *writ denied*, 02-2328 (La.11/15/02), 829 So.2d 437.

The Louisiana First Circuit Court of Appeal in *Lamz v. Wells*, 05-1497, p. 5 (La.App. 1 Cir. 6/9/06), 938 So.2d 792, 796, discussed the purpose of article 971:

> The intent of Article 971 is to encourage continued participation in matters of public significance and to prevent this participation from being chilled through an abuse of judicial process. *Stern v. Doe*, 2001-0914, p. 4 (La.App. 4 Cir. 12/27/01), 806 So.2d 98, 101. Article 971 was enacted by the legislature as a procedural device to be used early in legal proceedings to screen out meritless claims brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. *Aymond v. Dupree*, 2005-1248, p. 7 (La.App. 3 Cir. 4/12/06), 928 So.2d 721. Accordingly, Article 971 provides that a cause of action against a person arising from any act in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that

the plaintiff has established a probability of success on the claim. This special motion to strike is a "specialized defense motion akin to a motion for summary judgment." See Editor's Note to La.Code Civ. P. art. 971, citing *Lee v. Pennington*, 2002-0381 (La.App. 4 Cir. 10/16/02), 830 So.2d 1037, *writ denied*, 2002-2790 (La.1/24/03), 836 So.2d 52.

Like the absolute and conditional privileges, long recognized in Louisiana, Article 971 protects speech. However, "[a]t issue in [an abuse of process action]," as noted by the Fourth Circuit Court of Appeal in Goldstein, "is the intent to use a legal process for an improper reason, not the statements made . . . but the fact that a proceeding was maliciously and/or illegally pursued." *Goldstein*, 496 So. 2d at 415. It is the "hidden" or ulterior motive that drives this claim and the improper end its seeks to achieve. We are convinced the legislature did not intend to include abuse of process claims within the ambit of Article 971, which specifically limits its reach to "[a]cts in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue." No person has the right under either constitution, if it is their intent, to utilize the legal process to quell the free speech rights of another individual, to interfere with the administration of justice, or to undermine the objectives and mandates of Louisiana's workers' compensation laws. Mr. Hebert in this case is also seeking to protect his right to speak on a public issue and to render his expert opinion on matters involving the rehabilitative care of patients. The gist of his complaint is simple. He alleges that Mr. Arceneaux and the Board conspired in instituting a disciplinary proceeding against him for the *ulterior purpose* of suppressing his ethical and professional duty to his clients, the judicial system, and the mandates of workers' compensation law to disclose substandard rehabilitative services. His claim does not rest on the institution of the disciplinary action, the Board's authority or the constitutionality of the subject disciplinary rule; rather, he

asserts Mr. Arceneaux's and the Board's legal motive, i.e. fostering professionalism between rehabilitative counselors, is not the only motive which compelled them to use the disciplinary process. The ulterior motive in this case is an intent to prevent him from commenting on the substandard work of other rehabilitative counselors and from exposing such practices in open court or when called to render his expert opinion. The petition as drafted sufficiently states a claim for abuse of process, the merit of which we are not called to address at this time.

As a matter of law, we find the trial judge erred in granting the motion to strike Mr. Hebert's abuse of process claim based on Article 971.[2] Accordingly, the abuse of process claim asserted against Mr. Arceneaux and the Board is remanded to the trial court for further proceedings.

### DECREE

For the foregoing reasons, we affirm the motion to strike as it pertains to Mr. Hebert's defamation claim and amend the original attorney fee award by reducing the amount to $2,500. We reverse the judgment of the trial court granting the motion to strike Mr. Hebert's abuse of process claim. The case is remanded to the district court for further proceedings consistent with this opinion. All costs of this appeal are assessed as follows: Mr. Hebert shall pay one-half of the costs; and, Mr. Arceneaux and the Board the remaining half. The consent judgment is reversed.

**AFFIRMED IN PART; REVERSED IN PART; AMENDED; AND REMANDED.**

---

[2] Mr. Arceneaux filed only the motion to strike. Our decision is limited to the motion and its applicability to abuse of process claims.