NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-102

GLENN M. HEBERT

VERSUS

LOUISIANA LICENSED PROFESSIONAL VOCATIONAL
REHABILITATION COUNSELORS BOARD OF EXAMINERS
AND SY ARCENEAUX

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20064643
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and John E. Conery, Judges.

Cooks, J., dissents and assigns reasons.

AFFIRMED.

**R. Scott Iles**
**Post Office Box 3385**
**Lafayette, Louisiana 70502**
**(337) 234-8800**
**COUNSEL FOR PLAINTIFF APPELLANT:**
    **Glenn Hebert**

**Stephen W. Glusman**
**Glusman, Broyles & Glusman, LLC**
**Post Office Box 2711**
**Baton Rouge, Louisiana 70821**
**(225) 387-5551**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louisiana Licensed Professional Vocational Rehabilitation Counselors**
    **Board of Examiners**

**David A. Hurlburt**
**Hurlburt, Monrose & Ernst**
**A Professional Law Corporation**
**Post Office Drawer 4407**
**Lafayette, Louisiana 70502**
**(337) 237-0261**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Sy Arceneaux**

**CONERY, Judge.**

This matter is once again before a panel of this court based on the appeal of plaintiff, Glenn M. Hebert (Mr. Hebert), of the trial court's ruling granting summary judgment in favor of both the Louisiana Licensed Professional Vocational Rehabilitation Counselors Board of Examiners (Board) and Mr. Sy Arceneaux (Mr. Arceneaux) dismissing Mr. Hebert's last remaining claim for abuse of process. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

This litigation stems from a complaint made to the Board by Mr. Arceneaux, a vocational rehabilitation counselor (VRC) against Mr. Hebert, who is also a VRC. Mr. Arceneaux alleged that Mr. Hebert violated La. Admin. Code tit. 46, pt. LXXXVI, §1604(A)(6), which provides, "Licensed rehabilitation counselors will not discuss the competency of other rehabilitation counselors or agencies (including judgments made, methods used or quality of rehabilitation plans) in a disparaging way with their clients."[1]

Mr. Arceneaux stated in his complaint to the Board that Mr. Hebert had written two separate letters to Mr. Arceneaux, which were also sent to his client, Mr. Julius Jeansonne, stating that Mr. Hebert found that the rehabilitation work performed by Mr. Arceneaux on behalf of Mr. Jeansonne was substandard and calling Mr. Arceneaux's services "sham rehabilitation."[2]

Mr. Arceneaux, after receiving Mr. Hebert's first letter dated February 26,

---

[1] Louisiana Administrative Code, Title 46, Part LXXXVI, Chapter 16, contains the Code of Professional Ethics for Licensed Rehabilitation Counselors.

[2] "Sham rehabilitation" is a term that stems from the analysis in *Maxie v. Brown Ind., Inc.*, 95-19 (La.App. 3 Cir. 5/31/95), 657 So.2d 443, *writ denied*, 95-1630 (La. 10/6/95), 661 So.2d 469.

2004, sought to resolve the issue by requesting, in correspondence dated March 22, 2004, that Mr. Hebert rescind his February 26, 2004 correspondence. Mr. Hebert refused to rescind his original correspondence and in an April 1, 2004 response to Mr. Arceneaux, also copying Mr. Jeansonne, stated, "I will not rescind this correspondence since I feel that all of the points in the letter are accurate." On May 15, 2004, Mr. Arceneaux filed an ethical complaint against Mr. Hebert with the Board.

On June 17, 2004, the Ethics Committee of the Board informed Mr. Arceneaux that the Board had accepted his complaint against Mr. Hebert and would allow Mr. Hebert the opportunity to respond before reviewing the complaint and making a determination of what, if any, additional action was required. Mr. Hebert responded on June 23, 2004. In correspondence dated September 20, 2004, the Ethics Committee of the Board found Mr. Hebert in "violation of Canon 4, Rule 4.7 of the LLPVRC Code of Professional Ethics for Licensed Rehabilitation Counselors" and informed him of his right to appeal the decision within thirty days.[3]

Pursuant to the rules governing ethical complaints, by letter dated September 28, 2004, Mr. Hebert cited *Maxie v. Brown Ind., Inc.*, 95-19 (La.App. 3 Cir. 5/31/95), 657 So.2d 443, *writ denied*, 95-1630 (La. 10/6/95), 661 So.2d 469, and disputed the Ethics Committee's interpretation of the client-counselor relationship, asserting that Mr. Jeansonne was not Mr. Arceneaux's client but that Mr. Arceneaux's true client was the LWCC.[4] Mr. Hebert requested and was granted a

_____

[3] The September 20, 2004 correspondence references Rule 4.7, however that appears to be a typographic error, as the complaint and all other decisions reflect a violation of Rule 4.6.

[4] Since the ruling in *Maxie*, the Louisiana Legislature and the Louisiana Supreme Court in *Hargrave v. State*, 12-341 (La. 10/16/12), 100 So.3d 786, have since addressed the issue of

hearing, which took place on January 6, 2005.

Although the hearing was held as a joint session of both the Ethics Committee and the Board, on April 21, 2005, only the Ethics Committee rendered a decision and recommended to the Board that it sanction Mr. Hebert for a violation of La. Admin. Code tit. 46, pt. LXXXVI, §1604(A)(6). The April 21, 2005 Ethics Committee decision and recommendations were subject to an additional appeals process pursuant to La. Admin. Code tit. 46, pt. LXXXVI, Chapter 17.

Mr. Hebert timely requested an appeal of the April 21, 2005 Ethics Committee's decision and recommendations to the Board. Pursuant to Mr. Hebert's request, an appeal panel was appointed to review the record in this matter. Subsequent to their review of the record, the appeal panel notified the Board that it agreed with the April 21, 2005 decision and recommendations of the Ethics Committee, which then became the final decision of the Ethics Committee.

The final decision of the Ethics Committee was then submitted to the Board for its consideration. On March 7, 2005, the Board found that a counselor-client relationship existed between Mr. Arceneaux and Mr. Jeansonne, and that the conduct of Mr. Hebert was in violation of La. Admin. Code tit. 46, pt. LXXXVI, §1604(A)(6). The Board also discussed and distinguished Mr. Hebert's contention that the Board was ignoring Louisiana jurisprudence which allegedly supported his conclusion that Mr. Jeansonne was not Mr. Arceneaux's client, relying instead on

---

services provided to an injured employee by a professional vocational rehabilitation counselor. In 2003 and 2005, the legislature amended La.R.S. 23:1226. Louisiana Revised Statutes 23:1226(B)(3)(a), now provides a procedural remedy for an injured employee to swiftly seek relief if vocational rehabilitation services are not provided by the employer or if a dispute arises "concerning the work of the vocational counselor." *See Chapman v. Coushatta Tribe of La.*, 12-1168, (La.App. 3 Cir. 3/6/13), 128 So.3d 1022, 1028-29, *writ denied* 13-754, (La. 5/24/13), 117 So.3d 101.

3

the workers compensation statutes and the regulations adopted by the Board governing the client-counselor relationship.

As a result of the ethical violation, the Board issued an official reprimand to Mr. Hebert which required him to complete, within six months of the final administrative decision of the Board, a pre-approved course of study in ethics related to rehabilitation counseling, or risk further sanctions.

Although the final decision of the Board was subject to review pursuant to La.R.S. 49:950 *et seq.*, Mr. Hebert did not appeal the final administrative decision of the Board, but instead filed suit in the Fifteenth Judicial District Court against the Board and Mr. Arceneaux for a writ of mandamus and damages claiming that Mr. Arceneaux and the Board "conspired through an abuse of process to obtain ethical action by way of an ethical complaint." Mr. Hebert sought damages for libel, abuse of process, and dismissal of the ethical complaint.

Mr. Arceneaux filed a motion to strike pursuant to La.Code Civ.P. art. 971. The trial court granted his motion, dismissing Mr. Arceneaux from the litigation. In light of Mr. Arceneaux's dismissal, the trial court also granted the Board's exception of improper venue and dismissed the Board without prejudice but did not address the other exceptions filed by the Board.

Mr. Hebert appealed the trial court's ruling, which resulted in the first opinion in this case by a panel of this court in *Hebert v. La. Licensed Prof'l Vocational Rehab. Counselors and Sy Arceneaux*, 07-610 (La.App. 3 Cir. 1/23/08), 974 So.2d 824 (*Hebert I*). In *Hebert I*, this court reversed the trial court's judgment dismissing Mr. Hebert's claims against Mr. Arceneaux and the dismissal of the Board based on the exception of venue. *Hebert I* was remanded to the district court in order "to allow Mr. Hebert to amend his pleadings to particularize

4

the claims and facts demonstrating a constutional deprivation under the color of state law and for further proceedings consistent with this opinion."

The Board and Mr. Arceneaux sought a writ to the supreme court, which ultimately vacated and remanded *Hebert I* to this court in *Hebert v. La. Licensed Prof'l Vocational Rehab. Counselors and Sy Arceneaux*, 08-412, (La. 5/9/08), 981 So.2d 21. The opinion on remand instructed that the appellate court's discussion of the constitutionality of the Board's ethical code was not appropriate, as the issue had not been raised by the parties in the district court and such an issue could not be raised for the first time on appeal. Further, "the constitutional challenge must be specially pleaded and the grounds for the claim particularized" in the district court. *Id.* The Louisiana Supreme Court further instructed this court "to address the applicability of La.Code Civ.Proc. art. 971 based on the showing made, i.e., plaintiff's petition as presently drafted."

In the opinion on remand, *Hebert v. La. Licensed Prof'l Vocational Rehab. Counselors and Sy Arceneaux*, 07-610 (La. App. 3 Cir. 3/4/09), 4 So.3d 1002, *writ denied*, 09-750, (La. 5/22/09), 9 So.3d 144 (*Hebert II*), a panel of this court dismissed Mr. Hebert's defamation claim pursuant to La.Code Civ.P. art. 971. However, the panel allowed Mr. Hebert to maintain his abuse of process claim based on the instructions of the Louisiana Supreme Court requiring this court to "address the applicability of Mr. Arceneaux's motion to strike pursuant to La.Code Civ.Proc. art. 971."

In *Hebert* II, the panel concluded that Mr. Hebert had alleged in his petition a conspiracy between the Board and Mr. Arceneaux sufficient to state "a claim for abuse of process, the merits of which we are not called on to address at this time." *Hebert II*, 4 So.3d at 1011. In footnote two, the panel further stated, "Mr.

Arceneaux filed only the motion to strike. Our decision is limited to the motion and its applicability to abuse of process claims." *Hebert II* was then remanded to the district court for further proceedings consistent with the opinion.

Subsequent to the remand to the district court, Mr. Hebert again amended his petition to allege a federal civil rights violation. The case was then removed to the United States District Court for the Western District of Louisiana (USDC).

The USDC dismissed Mr. Hebert's civil rights claim and remanded Mr. Hebert's remaining state law claim of abuse of process back to the Fifteenth Judicial District Court. Both defendants, Mr. Arceneaux and the Board, then filed motions for summary judgment seeking to dismiss Mr. Hebert's remaining claim for abuse of process.

On October 14, 2013, the trial court heard the motions for summary judgment filed by Mr. Arceneaux and the Board and, for oral reasons rendered at the close of the hearing, the trial court granted both motions and dismissed Mr. Hebert's sole remaining claim for abuse of process against Mr. Arceneaux and the Board, with prejudice at his cost. On October 24, 2013, a judgment reflecting the trial court's ruling was signed and filed, from which Mr. Hebert now timely appeals.

### ASSIGNMENT OF ERROR

Mr. Hebert asserts the following assignment of error on appeal:

(1) THE TRIAL COURT ERRED IN PRETERMITTING THE ISSUE OF "ULTERIOR PURPOSE" IN FINDING THAT A COMPLIANCE WITH "PROCESS EQUALED THE INABILITY OF THE PLAINTIFF TO PROVE AN "ABUSE OF PROCESS" TORT CLAIM.

6

## LAW AND DISCUSSION

### *Standard of Review*

Summary judgments are reviewed de novo, applying the same standard to the matter as that applied by the trial court. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. Summary judgment is favored by law and provides a vehicle by which the just, speedy, and inexpensive determination of an action may be achieved. La.Code Civ.P. art. 966(A)(2). The trial court is required to render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2).[5]

In 1997, the legislature enacted La.Code Civ.P. art. 966(C)(2), which clarified the burden of proof in summary judgment proceedings. The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a genuine material factual issue remains. *Id.* "[T]he failure of the non-moving party to produce evidence of a material factual dispute mandates

---

[5] Louisiana Code of Civil Procedure Article 966 was amended effective August 13, 2013. The amendment changed the requirement that the trial court could only consider "evidence admitted for the purposes of the motion for summary judgment," pursuant to La.Code Civ.P. art. 966(E)(2). In the amended article, La.Code Civ.P. art. 966(F)(2) provides, "Evidence cited in and attached to the motion for summary judgment or memorandum filed by the adverse party is deemed admitted for the purposes of the motion for summary judgment . . . Only evidence admitted for the purposes of the motion for summary judgment may be considered by the court in its ruling on the motion." Thus, the "evidence cited and attached to the motion for summary judgment or memorandum," filed in the record, may be considered by the trial court without the necessity of formally entering the supporting evidence into the record at the hearing on the motion for summary judgment.

the granting of the motion." *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533, p. 6 (La. 2/20/04), 866 So.2d 228, 233

When a motion for summary judgment is made and supported, the adverse party may not rest on the allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. La.Code Civ.P. art. 967(B). "A fact is 'material' when its existence or nonexistence may be essential to [a] plaintiff's cause of action under the applicable theory of recovery." *Smith,* 639 So.2d at 751. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *Id.* (quoting *S. La. Bank v. Williams,* 591 So.2d 375, 377 (La.App. 3 Cir. 1991), *writ denied,* 596 So.2d 211 (La.1992)).

In determining whether a fact is material, we must consider the substantive law governing the litigation. *Davenport v. Albertson's, Inc.,* 00-685 (La.App. 3 Cir. 12/6/00), 774 So.2d 340, *writ denied*, 01-73 (La. 3/23/01), 788 So.2d 427. In *Hebert II*, 4 So.3d at 1009, a previous panel of this court outlined the elements necessary for Mr. Hebert to prevail on his claim of abuse of process:

> In *Simon v. Perret,* 619 So.2d 155, 157 (La.App. 3 Cir.1993), we noted "[a]buse of process is a cause of action originating from the common law and recognized under our jurisprudence as a compensable tort under LSA-C.C. art. 2315." *See Mini-Togs, Inc. v. Young,* 354 So.2d 1389 (La.App. 2 Cir.1978). This court in *Vasseur v. Eunice Superette, Inc.,* 386 So.2d 692 (La.App. 3 Cir.), *writ denied,* 393 So.2d 747 (La.1980), stated the essential elements of a cause of action for abuse of process are (1) the existence of an ulterior purpose; and (2) a wilful (sic) act in the use of the process not in the regular prosecution of the proceeding.
>
> In the Law of Torts, Volume I, § 4.9 at p. 330, Harper and James, make clear that an abuse of process occurs "[w]hen the actor employs legal process in a manner technically correct, but for a wrongful and malicious purpose to obtain an unjustifiable end or an object which it was not the purpose of the particular process employed

to effect." "The action is not for the wrongful bringing of an action or prosecution, but for the improper use, or rather 'abuse' of process in connection therewith ... [that is], for a perversion of legal process." *Id.* The wrong lies in the use to which the process is put. If it is in fact used to redress a legal wrong, the person who invoked the legal process cannot be said to have committed any tort, even if his motive was vicious or vindictive. However, when he seeks by the use of such process to "attain some collateral objective, outside the scope of the operation of the process employed," a tort arises. *Id.* at 331.

### Mr. Hebert's Assignment of Error

Under the prevailing jurisprudence at trial, Mr. Hebert would be required to prove two essential elements in order to maintain his claim of abuse of process against Mr. Arceneaux and the Board. First, "the existence of an ulterior purpose," and second, "a willful act in the use of the process not in the regular prosecution of the proceeding." *Hebert II*, 4 So.3d at 1009.

Mr. Hebert's primary point is that when he wrote his letter to Mr. Arceneaux, with a copy to his client, Mr. Jeansonne, he did not consider Mr. Jeansonne to be a true "client" of Mr. Arceneaux for rehabilitation purposes. Mr. Hebert apparently felt that Louisiana jurisprudence had defined "sham rehabilitation" as a vocational rehabilitation counselor failing to provide the "prompt rehabilitation services" required by La.R.S. 23:1226(A) and (B) and discussed in *Maxie*, 657 So.2d 443.

Mr. Hebert obviously felt that since Mr. Arceneaux had been hired by LWCC, he did not truly perform a full vocational rehabilitation work up with Mr. Jeansonne's interests in mind. Mr. Hebert likened Mr. Arceneaux's rehabilitation plan on behalf of Mr. Jeansonne to the "sham rehabilitation" discussed in *Maxie*. Had Mr. Hebert expressed such an opinion to the workers' compensation judge in a judicial proceeding, his comments may well have been protected and the fact finder could then give his expert opinion, along with Mr. Arceneaux's, such weight as the judge may have found appropriate. "Expert testimony on rehabilitation

programs is very important, and within reason should be sought and admitted." Malone and Johnson, Worker's Compensation, 13 La.Civ. Law Treatise § 291.

Such was not the case, however. Mr. Hebert sent his letter directly to Mr. Arceneaux, with a copy to his client, Mr. Jeansonne. It was that action, not the ultimate decision as to who was correct, that the Board found amounted to an ethical violation on the part of Mr. Hebert.

Since the Louisiana Supreme Court has already held that Mr. Hebert did not allege a constitutional challenge to the Board's procedure in the district court, we may not now address whether the Board's sanctions against Mr. Hebert for expressing his opinion on Mr. Arceneaux's rehabilitation efforts on behalf of Mr. Jeansonne was a violation of Mr. Hebert's right to freedom of speech. That issue has already been resolved.

Doggedly determined, Mr. Hebert nevertheless argues that the trial court erred in its summary judgment ruling by failing to consider the issue of "ulterior purpose." He claims the trial court confused its finding that the Board's full compliance with the administrative process, which governs how an ethical complaint against a VRC is handled, equaled the inability of Mr. Hebert to prove an abuse of process tort claim. We will address separately below the motions for summary judgment filed by Mr. Arceneaux and the Board on this issue.

### Mr. Sy Arceneaux

It is evident from a review of the record that Mr. Arceneaux properly presented evidence, including depositions, exhibits, and an affidavit sufficient to support his motion for summary judgment seeking to dismiss Mr. Hebert's claim for abuse of process. The documentation submitted reflects the only two actions

10

taken by Mr. Arceneaux were both entirely within the procedural parameters of the administrative process which governs VRC's.

First, Mr. Arceneaux filed an ethical complaint with the Board. The complaint alleged that Mr. Hebert had violated La. Admin. Code tit. 46, pt. LXXXVI, §1604(A)(6), by writing two separate letters to Mr. Arceneaux which were also sent to his client, Mr. Jeansonne. In the correspondence, Mr. Hebert criticized Mr. Arceneaux's rehabilitation work, calling it substandard and referring to Mr. Arceneaux's services to Mr. Jeansonne as "sham rehabilitation." It is undisputed that Mr. Hebert was the author of the correspondence. Second, Mr. Arceneaux testified at the January 6, 2005 hearing held in joint session before the Ethics Committee and the Board. The complaint and the affidavit of Mr. Hebert confirming his testimony under oath at the January 6, 2005 hearing were introduced in evidence at the summary judgment hearing.

Mr. Hebert argues that there was collusion or a conspiracy between Mr. Arceneaux and the Board. However, the record is devoid of any documentation to support such a claim. In his deposition, which also was submitted into evidence at the summary judgment hearing, Mr. Hebert states in response to counsel's question about whether he had any documentation to support his conspiracy theory, "Correct. There are no documents between Sy Arceneaux and the board to prove the conspiracy. I only have what they did, which - - which I will show through testimony that I think they did."

To the contrary, when Mr. Arceneaux was asked by the Board for his input concerning the sanctions that should be imposed against Mr. Hebert for his ethical violation, Mr. Arceneaux responded through his attorney in correspondence dated January 19, 2005, that he would defer "to the Board's decision in that regard."

11

Having reviewed the actions of Mr. Arceneaux, which included filing an ethical complaint against Mr. Hebert with the Board and testifying at the hearing on January 6, 2005, we find, as did the trial court, that Mr. Hebert has failed to carry his burden to provide any evidentiary support for his claim that the administrative process had been improperly manipulated by Mr. Arceneaux. Likewise, there was no evidence introduced to support Mr. Hebert's claim that a conspiracy existed between Mr. Arceneaux and the Board sufficient to fulfill the necessary "ulterior purpose" element in order for Mr. Hebert to maintain his claim for abuse of process. Thus, we affirm the trial court's ruling granting summary judgment in favor of Mr. Sy Arceneaux.

### *Louisiana Licensed Professional Vocational Rehabilitation Counselors Board of Examiners*

It is likewise undisputed that the Board is charged by statute with the obligation to adopt and to enforce an ethics code. As thoroughly discussed, the Board followed each and every procedural step required when an ethical complaint is filed. Mr. Hebert received every procedural protection required and was given ample opportunity to defend himself against the ethical complaint made by Mr. Arceneaux. Mr. Hebert did not appeal the decision of the Board, and it is now final, precluding any challenge to the sanctions imposed. Mr. Hebert has, in fact, accepted and performed the required discipline imposed by the Board.

The exhibits submitted by the Board in support of its motion for summary judgment demonstrate that the administrative process was followed without exception. This fact, coupled with the lack of any documentation submitted into evidence by Mr. Hebert that any conspiracy existed between the Board and Mr. Arceneaux in the administrative process, leads us to the same conclusion as the

trial court, Mr. Hebert simply did not provide factual support for the second element of a claim for abuse of process, "whether or not there was an aberration in the proceedings." Therefore, we also affirm the trial court's ruling granting summary judgment in favor of Louisiana Licensed Professional Vocational Rehabilitation Counselors Board of Examiners.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment granting the motions for summary judgment filed on behalf of the Louisiana Licensed Professional Vocational Rehabilitation Counselors Board of Examiners and Sy Arceneaux and dismissing this entire matter with prejudice at plaintiff Glenn M. Hebert's costs. All costs of this appeal are assessed against Glenn M. Hebert.

**AFFIRMED.**

This opinion is **not designated for publication**. Uniform Rules—Courts of Appeal, Rule 2–16.3.

GLENN M. HEBERT

VERSUS

LOUISIANA LICENSED PROFESSIONAL VOCATIONAL
REHABILITATION COUNSELORS BOARD OF EXAMINERS AND
SY ARCENEAUX

**COOKS, J., dissents.**

I dissent from the majority opinion affirming the grants of summary judgment in favor of Arceneaux and the Board. In the motions for summary judgment, it was argued the action brought against Hebert and ruled on by the Board is not a "process" for which an "abuse of process" action can be maintained. A previous panel of this court addressed this issue in *Hebert v. Louisiana Licensed Professional Vocational Rehabilitation Counselors*, 07-610, pp. 7-8 (La.App. 3 Cir. 3/04/09), 4 So.3d 1002, 1009-10, *writ denied*, 09-750 (La. 5/22/09), 9 So.3d 144, and noted the following:

> In *Simon v. Perret*, 619 So.2d 155, 157 (La.App. 3 Cir.1993), we noted "[a]buse of process is a cause of action originating from the common law and recognized under our jurisprudence as a compensable tort under > LSA-C.C. art. 2315." *See Mini-Togs, Inc. v. Young*, 354 So.2d 1389 (La.App. 2 Cir.1978). This court in *Vasseur v. Eunice Superette, Inc.*, 386 So.2d 692 (La.App. 3 Cir.), *writ denied*, 393 So.2d 747 (La.1980), stated the essential elements of a cause of action for abuse of process are (1) the existence of an ulterior purpose; and (2) a wilful act in the use of the process not in the regular prosecution of the proceeding.
>
> In the Law of Torts, Volume I, § 4.9 at p. 330, Harper and James, make clear that an abuse of process occurs "[w]hen the actor employs legal process in a manner technically correct, but for a wrongful and malicious purpose to obtain an unjustifiable end or an object which it was not the purpose of the particular process employed to effect." "The action is not for the wrongful bringing of an action or prosecution, but for the improper use, or rather 'abuse' of process in connection therewith ... [that is], for a perversion of legal process." *Id*. The wrong lies in the use to which the process is put. If it is in fact used to redress a legal wrong, the person who invoked the legal process cannot be said to have committed any tort, even if his motive was vicious or vindictive. However, when he seeks by the use of such

process to "attain some collateral objective, outside the scope of the operation of the process employed," a tort arises. Id. at 331.

. . . .

However, "[a]t issue in [an abuse of process action]," as noted by the Fourth Circuit Court of Appeal in *Goldstein*, "is the intent to use a legal process for an improper reason, not the statements made . . . but the fact that a proceeding was maliciously and/or illegally pursued." *Goldstein*, 496 So.2d at 415. It is the "hidden" or ulterior motive that drives this claim and the improper end it seeks to achieve. . . . No person has the right under either constitution, if it is their intent, to utilize the legal process to quell the free speech rights of another individual, to interfere with the administration of justice, or to undermine the objectives and mandates of Louisiana's workers' compensation laws. Mr. Hebert in this case is also seeking to protect his right to speak on a public issue and to render his expert opinion on matters involving the rehabilitative care of patients. The gist of his complaint is simple. He alleges that Mr. Arceneaux and the Board conspired in instituting a disciplinary proceeding against him for the ulterior purpose of suppressing his ethical and professional duty to his clients, the judicial system, and the mandates of workers' compensation law to disclose substandard rehabilitative services. His claim does not rest on the institution of the disciplinary action, the Board's authority or the constitutionality of the subject disciplinary rule; rather, he asserts Mr. Arceneaux's and the Board's legal motive, i.e. fostering professionalism between rehabilitative counselors, is not the only motive which compelled them to use the disciplinary process. The ulterior motive in this case is an intent to prevent him from commenting on the substandard work of other rehabilitative counselors and from exposing such practices in open court or when called to render his expert opinion. The petition as drafted sufficiently states a claim for abuse of process, the merit of which we are not called to address at this time.

The argument that the Board's system is not subject to the tort of "abuse of process" was clearly rejected by this court. Whether it is ultimately concluded that Hebert's allegations have merit is not properly disposed of in a summary proceeding as done below and affirmed by the majority. Therefore, I would reverse the grants of summary judgment in this matter and remand for a full trial on the merits.