LOBRANO, J.,
DISSENTS AND ASSIGNS. REASONS.
LI respectfully dissent from the majority opinion. Because TLG failed to file its malicious prosecution claim after the termination of the underlying litigation, and the record does not establish that Guillory willfully used process outside of his regular prosecution of the proceeding, I would reverse the judgment of the district court.
The tort of malicious prosecution requires commencement of a criminal or civil proceeding by the malicious prosecution defendant, causation of that proceeding by the malicious prosecution defendant, the termination of that proceeding in favor of the malicious prosecution plaintiff, absence of probable cause for the institution of the original proceeding, the presence of malice, and damages. Robinson v. Goudchaux’s, 307 So.2d 287, 289 (La. 1975). The Louisiana Supreme Court states “that the purpose of the bona fide termination favor *1044 able to the present plaintiff requirement in malicious prosecution cases is to insure that the underlying litigation is brought to a conclusion on the merits before a malicious prosecution suit based on the underlying litigation is allowed to proceed.” Lemoine v. Wolfe, 2014-1546, p. 8 (La. 3/17/15), 168 So.3d 362, 368 (internal citations omitted).
|gThe majority takes issue with the fact that Guillory does not cite any case supporting his contention that a malicious prosecution claim cannot be brought by a reconventional demand. Regardless of the dearth of citations, this Court has already espoused that interpretation of the bona fide termination requirement. Judge Robert Lobrano, writing for a unanimous panel of the Fourth Circuit, stated in Ortiz v. Barriffe:
Malicious prosecution was not asserted in Ortiz’s reconventional demand, nor could it be. The material fact supporting that claim was the unsuccessful prosecution by Barriffe and Ware of them suit against Ortiz. This claim could not be asserted until that lawsuit terminated. This reasoning is consistent with the well settled jurisprudence which holds “[tjermination of civil proceeding which are contended to have been maliciously prosecuted is an essential element for a successful action for malicious prosecution.”
523 So.2d 896, 897 (La. App. 4th Cir. 1988) (citations omitted) (emphasis added).
In the case sub judice, the underlying lawsuit was not terminated in favor of TLG when TLG brought their claim of malicious prosecution via reconventional demand. To assert otherwise effectively undoes the rationale behind the bona-fide termination requirement. Moreover, expanding the meaning of termination of a civil proceeding to accommodate the claim before the Court favors malicious prosecution claims in a manner not intended by Louisiana law. See Johnson v. Pearce, 313 So.2d 812, 816 (La. 1975); Borne v. Smith, 2009-0735, 2010 WL 8971099 at *3 (La. App. 4 Cir. 1/27/10) (acknowledging that malicious prosecution is “[n]ever favored in our law”).
The majority draws a distinction between filing a malicious prosecution claim in a supplemental reconventional demand rather than an original reconventional demand. This is a distinction without a difference, as in either case there has been no termination of the litigation. The ability to file any type of reconventional demand is dependent on the pendency of the original suit. See La. C.C.P. art. 1061 (stating that the “defendant in the principal action” may use a | sreconventional demand to plead any causes of action that he may have against the “plaintiff in the principal action,” and shall use a reconventional demand to assert “all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action.”). Thus, the bona fide termination requirement cannot be met by any malicious prosecution claim brought in a reconventional demand. See Lees v. Smith, 363 So.2d 974, 978 (La. App. 3rd Cir. 1978).
As to the abuse of process claim, the majority opinion errs in its interpretation of the elements of the tort. Abuse of process is related to malicious prosecution, but differs in that the underlying lawsuit need not have been terminated in favor of the present plaintiff. § 12:20.Abuse of process, 12 La. Civ. L. Treatise, Tort Law § 12:20 (2d ed.). To commit abuse of process, the tortfeasor must misuse a process already legally issued in an attempt to obtain a result not proper under the law. Melius v. Keiffer, 2007-0189, pp. 6-8, 980 So.2d 167, 170 (La. App. 4 Cir. 3/12/08) (citations omitted). As the majority states, there are two essential elements of a cause *1045 of action for abuse. of process: (1) the existence of an ulterior purpose; and (2) a willful act in the use of the process not in the regular prosecution of the proceeding. Hebert v. Louisiana Licensed Prof'l Vocational Rehab. Counselors, 2007-610, p. 9 (La. App. 3 Cir. 3/4/09), 4 So.3d 1002, 1009 (emphasis added). However, I disagree that Guillory’s conduct in this litigation rose to the level of abuse of process.
In finding that Guillory committed the tort of abuse of process, the majority cites the testimony of several witnesses who asserted that “Mr. Guillory and his counsel made clear that Mr. Guillory wanted to be compensated to remove his notice of lis pendens and did not desire to regain ownership of the Property despite filing his petition to annul the sale, and subsequently filing the notice of appeal” | ¿along with the admission of several documents into evidence as sufficiently establishing abuse of process.
This finding errs in two respects. First, it assumes that Guillory’s filing of the notice of lis pendens constituted a willful act in the use of the process not in the regular prosecution of the proceeding. I respectfully disagree, and find that the filing of the notice of lis pendens was simply part of the regular prosecution of the proceedings. Filing a notice of lis pendens along with a lawsuit is a typical course of action when litigation centers on the ownership of property. See La. C.C.P. art. 3751 (stating that pendency of an action affecting title to immovable property does not constitute notice to third persons unless a notice of lis pendens is filed as required by La. C.C.P. 3752). It is quite possible that counsel for Guillory would have committed malpractice had he not filed the notice of lis pendens. Although the record establishes that Guillory did not take action to prosecute his appeal of the district court’s judgment granting TLG’s motion for summary judgment, thus rendering TLG subject to the notice of lis pendens for a time when Guillory was not actively pursuing his claim, the appropriate remedy for TLG would have been filing a motion to dismiss the appeal after Guillory failed to file his brief within the appropriate time limit and demanding that the lis pendens be dismissed. See La. C.C.P. art. 2162 (allowing an appeal to be dismissed if abandoned); see also Uniform Rules of Louisiana Courts of Appeal, R. 2-8.1 and R. 2-8.6; La. C.C.P. art. 3753 (providing that “the notice of pendency filed in connection with the proceeding which gave rise to the judgment shall be canceled at the request of any interested party if the judgment has been canceled or if the action or proceeding has been dismissed”).[1] Second, testimony establishing that the witnesses for TLG perceived Guillory’s actions as manifestations of ill intent and the admission of | ^documents supporting that belief bears only on the first element of ulterior motive. However, ulterior motive alone is insufficient to establish abuse of process. See Mini-Togs, Inc. v. Young, 354 So.2d 1389, 1390 (La. App. 2nd Cir. 1978); Southern Snow Mfg. Co., Inc. v. Irvin, No. 14-579, 2014 WL 4983489 at *8 (E.D. La. 10/14/2014). Without evidence that establishes a specific willful improper act in Guillory’s use of process to prosecute his lawsuit, TLG has not carried its burden to establish the elements of abuse of process, no matter how many witnesses speak to Guillory’s ulterior motive. Compare Ratcliff v. Boydell, 93-0362, p. 14 (La. App. 4 Cir. 4/3/96), 674 So.2d 272, 281, as amended on reh’g (May 31, 1996) (finding that the record before the Court supported a *1046 finding of abuse of process where defendants had used legal proceedings to harass the plaintiff, including filing “in excess of 60 exceptions and motions, and six devolu-tive appeals”). For these reasons, I would find that the district court manifestly erred in finding that Guillory maliciously prosecuted and abused process against TLG, and reverse the judgment of the district court.

. In addition to the other arguments presented, throughout TLG's brief, it is argued that the lis pendens placed a cloud on the title to the Property longer than was proper because Guillory failed to pursue his appeal,