# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-580

DR. STELLA GWANDIKU, ET AL.

V.

STATE FARM MUTUAL AUTO INSURANCE COMPANY, ET AL.

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 225,132-D
HONORABLE JOHN DAVIDSON, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Marc T. Amy, Michael G. Sullivan, and James T. Genovese, Judges.

**AFFIRMED AS AMENDED.**

**Thomas D. Davenport, Jr.**
**The Davenport Firm, APLC**
**1628 Metro Drive**
**Alexandria, Louisiana 71301**
**(318) 445-9696**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Dr. Stella Gwandiku**

**Randall B. Keiser**
**D. Heath Trahan**
**Keiser Law Firm, P.L.C.**
**Post Office Box 12358**
**3700 Jackson Street, Suite 102**
**Alexandria, Louisiana 71315-2358**
**(318) 443-6168**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Pat Adams P.T. & Associates, Inc. and**
    **Pat Adams**

**GENOVESE, JUDGE.**

In this suit for defamation, Plaintiff, Dr. Stella Gwandiku (Dr. Gwandiku), appeals the trial court's grant of a special motion to strike in favor of Defendants, Pat Adams PT & Associates, Inc. and Pat Adams (collectively Adams). Adams answered the appeal seeking additional attorney fees and costs. For the following reasons, we affirm as amended.

## FACTS

Dr. Gwandiku owns and operates Rapha Medical & Therapeutic Clinic, L.L.C. As a result of being involved in an automobile accident and sustaining personal injury, Shondrika Ballard (Ballard) sought and obtained medical treatment, including physical therapy, at Dr. Gwandiku's clinic. Ballard's automobile accident spawned a personal injury lawsuit against State Farm Mutual Automobile Insurance Company (State Farm) in the matter entitled "*Shondrika Ballard v. State Farm Mutual Automobile Insurance Co.*," civil docket number 101,418, in the Alexandria City Court. In the course of the trial of Ballard's case, State Farm retained Pat Adams, a physical therapy expert, to testify as to the propriety of the charges for the physical therapy services provided by Dr. Gwandiku. Adams testified at trial that Dr. Gwandiku was "double billing" for physical therapy services. Adams further testified that single physical therapy sessions were being billed out twice, one for each of two accidents Ballard had been involved in; consequently, charges for the same physical therapy services were being billed and paid for twice.

On July 31, 2006, Dr. Gwandiku and Rapha Medical & Therapeutic Clinic, L.L.C.,[1] instituted the present defamation action against Pat Adams PT & Associates,

---

[1] Rapha Medical & Therapeutic Clinic, L.L.C., although a plaintiff, is not involved in the present appeal.

1

Inc., Pat Adams individually, and State Farm.[2] In response thereto, on September 5, 2006, Adams filed a special motion to strike pursuant to La.Code Civ.P. art. 971. Following a hearing on October 9, 2006, the trial court took the matter under advisement and later issued written reasons granting the special motion to strike on December 21, 2006. A judgment in accordance therewith was signed by the trial court on the same day. It is from this judgment that Dr. Gwandiku appeals.

On December 28, 2006, Adams filed a limited motion for new trial on the issue of attorney fees and costs which had not been awarded by the trial court. A hearing on the limited motion for new trial was held on January 29, 2007. Thereafter, on March 20, 2007, the trial court issued a subsequent judgment awarding Adams $3,000.00 in attorney fees and $434.95 in costs. Adams has answered the appeal relative to this subsequent judgment.

## ISSUES

In her brief, Dr. Gwandiku presents the following issues for our review:

1.  [w]hether the [t]rial [c]ourt erred by granting a [special motion to strike] because it failed to adhere to the express provisions of [La.Code Civ. P. art. 971] before it concluded [that Pat Adams] was immune from suit;

2.  [w]hether the [t]rial [c]ourt committed legal error by failing to determine if the defamatory *per se* statements of [Pat Adams] were pertinent and material to the issues of which [she] was testifying;

3.  [w]hether witness immunity gave [Pat Adams] a blank check to make defamatory *per se* statements against [Dr. Gwandiku], who is a non-litigant; and

4.  [w]hether the policies supporting the purpose of witness immunity are being advanced by allowing [Pat Adams] to defame *per se* [Dr. Gwandiku].

---

[2]State Farm, who was named as a defendant, is not involved in the present appeal.

2

In her answer to this appeal, Adams asserts that the trial court erred in failing to grant all costs as prayed for in her original special motion to strike, as supplemented by the affidavit in support thereof, filed in connection with the limited motion for new trial.

## LAW AND DISCUSSION

"Because the granting of a special Motion to Strike Pursuant to La.Code Civ.P. art. 971 involves issues of law, we will conduct a *de novo* review of the trial court's application of the law." *Aymond v. Dupree*, 05-1248, p.5 (La.App. 3 Cir. 4/12/06), 928 So.2d 721, 726, *writ denied*, 06-1729 (La. 10/6/06), 938 So.2d 85; *Thomas v. City of Monroe Louisiana*, 36,526 (La.App. 2 Cir. 12/18/02), 833 So.2d 1282.

Dr. Gwandiku contends that the trial court erred in granting Adams's special motion to strike pursuant to La.Code Civ.P. art. 971 and that said article is not applicable to the claims of Dr. Gwandiku. Dr. Gwandiku devotes much attention to her assertion that the statements made by Adams are defamatory *per se*. She contends that "[a]s the defamatory *per se* words do not enjoy constitutional protection, [Adams] cannot approach her initial burden under [La.Code Civ.P. art. 971]." We disagree. Louisiana Code of Civil Procedure Article 971 uses the language "any" and does not so limit the protections provided by the article. *Thomas*, 833 So.2d 1282. Adams asserts that her special motion to strike was properly granted pursuant to La.Code Civ.P. art. 971, as it involves both protected free speech and a public issue. We agree.

Louisiana Code of Civil Procedure Article 971, provides, in pertinent part:

> A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the

3

court determines that the plaintiff has established a probability of success on the claim.

(2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

(3) If the court determines that the plaintiff has established a probability of success on the claim, that determination shall be admissible in evidence at any later stage of the proceeding.

B. In any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs.

. . . .

F. As used in this Article, the following terms shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:

(1) "Act in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue" includes but is not limited to:

(a) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.

(b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.

(c) Any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest.

(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

(2) "Petition" includes either a petition or a reconventional demand.

(3) "Plaintiff" includes either a plaintiff or petitioner in a principal action or a plaintiff or petitioner in reconvention.

(4) "Defendant" includes either a defendant or respondent in a

principal action or a defendant or respondent in reconvention.

This court, in *Aymond*, 928 So.2d at 727, explained the purpose of La.Code Civ.P. art. 971 as follows:

Hence, Article 971 was enacted by the legislature as a procedural device to be used in the early stages of litigation to screen out meritless claims brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. *Lee v. Pennington*, 02-381 (La.App. 4 Cir. 10/16/02), 830 So.2d 1037, *writ denied*, 02-2790 (La.1/24/03), 836 So.2d 52. Accordingly, La.Code Civ.P. art. 971 provides that a cause of action against a person arising from any act in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

Additionally, we discussed the shifting burdens of proof in *Aymond*, stating as follows:

[T]he moving party must first satisfy the burden of proving that the cause of action arises from an act in the exercise of his right of free speech regarding a public issue. If the mover satisfies this initial burden of proof, then the burden shifts to the plaintiff to show a probability of success on his claim.

*Id*. (citing *Thomas*, 833 So.2d 1282).

Thus, in the instant matter, Adams had the initial burden of proving that her lawsuit arose from an act in the exercise of her right of free speech regarding a public issue. Adams's testimony in the Alexandria City Court is clearly within the ambit of this requirement, as the Louisiana legislature has expressly defined in La.Code Civ.P. art. 971 that an "oral statement . . . made before a . . . judicial proceeding" is an "[a]ct in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue." La.Code Civ.P. art. 971(F)(1)(a). Thus, the requisite prima facie showing that the present defamation matter arose from an act in furtherance of Adams's right of free speech and in relation

5

to a public issue was satisfied. *See also Hunt v. Town of New Llano*, 05-1434 (La.App. 3 Cir. 5/3/06), 930 So.3d 251, *writ denied*, 06-1852 (La. 10/27/06), 939 So.2d 1283. This intial burden of proof having been met, the burden then shifted to Dr. Gwandiku.

In order to defeat Adams's motion, Dr. Gwandiku was then required to demonstrate a probability of success on her claim. "This showing is based on the elements of the alleged tort claim." *Id.* at 255 (citing *Lee*, 830 So.2d 1037). "Accordingly, to maintain an action for defamation, [she] has the burden of proving five elements: (1) defamatory words; (2) unprivileged publication; (3) falsity; (4) malice (actual or implied); and (5) injury." *Aymond*, 928 So.2d at 728 (citing *Gugliuzza* v. *K.C.M.C., Inc.*, 606 So.2d 790 (La.1992)).

The only evidence offered by Dr. Gwandiku in opposition to the special motion to strike was her own affidavit and the affidavit of Thomas Wells, an employee of Rapha Medical & Therapeutic Clinic, L.L.C. These two affidavits generally address the treatment provided to Ballard, the billing practices of the clinic, and the fact that the billings done in connection therewith were in keeping with proper Medicare billing protocol. We find that these affidavits fail to demonstrate a probability of success on Dr. Gwandiku's defamation claim. Although said affidavits raise questions as to the element of falsity of the statements made by Adams, they fail to address the four remaining elements required for a defamation claim.

Assuming that the statements made by Adams during the trial in Alexandria City Court were defamatory[3], Dr. Gwandiku failed to show that the statements were not privileged. Moreover, fatally absent is any evidence whatsoever on the issues of

_____

[3]Dr. Gwandiku asserts that these statements were in fact defamatory *per se.*

6

malice and damages. Therefore, based on our review of the evidence offered by Dr. Gwandiku in opposition to the motion to strike, we find that three of the five criteria for a defamation claim are missing. Additionally, even assuming that the statements made by Adams were defamatory, because these statements were made by Adams as a witness in a judicial proceeding, she is entitled to claim an "absolute privilege," and that privilege protects her from a civil suit regardless of malice or falsity. *Marrogi v. Howard*, 01-1106 (La. 1/15/02), 805 So.2d 1118. Accordingly, we find that Dr. Gwandiku did not meet her burden of establishing a probability of success on her claim against Adams.

## *ANSWER TO APPEAL*

In her answer to appeal, Adams contends that the trial court's failure to grant all fees and costs as prayed for constituted legal error, as Dr. Gwandiku submitted no evidence or testimony to controvert the amounts sought. Additionally, Adams seeks additional attorney fees and costs for work required to defend and prosecute the present appeal.

The language of La.Code Civ.P. art. 971 (B) is mandatory in nature. The article provides that "[i]n any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs."

In the case at bar, Adams submitted the affidavit of attorney Randall B. Keiser with an attached client ledger showing that the actual amount of attorney fees and costs incurred totaled $4,001.00 in attorney fees and $739.16 in costs. The trial court, without explanation for the reduction therefor, awarded only $3,000.00 in attorney fees and $434.95 in costs. Given the lack of any evidence in opposition thereto, and

considering the article's mandatory language "shall," we find these awards to be manifestly erroneous. Accordingly, we amend the judgment of the trial court to increase the attorney fee award in favor of Adams to $4,001.00, and the cost award to $739.16.

**<u>DECREE</u>**

For the foregoing reasons, the judgment of the trial court granting the special motion to strike pursuant to La.Code Civ.P. art. 971 in favor of Pat Adams PT & Associates, Inc. and Pat Adams is affirmed. Additionally, we amend the judgment in favor of Pat Adams PT & Associates, Inc. and Pat Adams against Dr. Gwandiku to increase said award to $4,001.00 in attorney fees and $739.16 in costs.

Costs of this appeal are assessed against Dr. Gwandiku.

**AFFIRMED AS AMENDED.**