## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-1014 consolidated with 15-1189


**ROBERT E. AHEARN**

**VERSUS**

**CITY OF ALEXANDRIA, ET AL.**


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 251,261
HONORABLE THOMAS YEAGER, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and David Kent Savoie, Judges.

**WRIT GRANTED. REVERSED. SPECIAL MOTION TO STRIKE GRANTED AND RENDERED. REMANDED WITH INSTRUCTIONS.**

**Brian D. Mosley**
**711 Washington Street**
**Alexandria, LA 71301**
**(318) 484-6100**
**COUNSEL FOR PLAINTIFF/DEFENDANT-IN-RECONVENTION/RELATOR:**
   Robert E. Ahearn

**Martha R. Crenshaw**
**2001 MacArthur Drive**
**Alexandria, LA 71309**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
   City of Alexandria

**Catherine L. Davidson**
**Post Office Box 71**
**Alexandria, LA   71301**
**(504) 756-4059**
**COUNSEL FOR DEFENDANTS/PLAINTIFFS-IN-**
**RECONVENTION/RESPONDENTS:**
    **Catherine L. Davidson**
    **1921 Jackson Street, LLC**

**AMY, Judge.**

The plaintiff filed suit against the City and various individuals, alleging that he sustained damages as a result of his arrest and investigation into alleged theft from a job site where he had performed carpentry work. The defendant business owner and the defendant business filed a reconventional demand, alleging damages associated with the plaintiff's work and property loss. They further sought damages for allegedly defamatory comments contained in the plaintiff's pleadings. In response, the plaintiff filed a special motion to strike the claim of defamation pursuant to La.Code Civ.P. art. 971. The trial court denied the motion and assessed attorney fees and costs against the plaintiff's counsel. By this consolidated review, we consider the plaintiff's application for supervisory writs on the merits of the motion and his attorney's appeal from the order of attorney fees. For the following reasons, we grant the writ application, reversing the denial of the special motion to strike. We further render judgment granting the special motion to strike and remand for further proceedings.

### Factual and Procedural Background

Robert Ahearn filed the underlying petition and amending petition, alleging that he had been hired by Catherine Davidson to perform carpentry work at a business, 1921 Jackson Street, LLC, in Alexandria. Mr. Ahearn asserted that Ms. Davidson initiated a criminal investigation with the Alexandria Police Department, informing the department that she was an attorney for the City of Alexandria and communicating that he had "removed all items of value" from the property. He stated that Ms. Davidson also indicated that he would not accept her telephone calls. Thereafter, and purportedly "based on the allegations of" Ms. Davidson and another person, the police department obtained search and arrest warrants.

Mr. Ahearn named a number of defendants, including Ms. Davidson, 1921 Jackson Street and the City, through the Alexandria City Police Department. He asserted that Ms. Davidson and the City had no evidence that he "stole materials from the job site . . . and installed them at his property." Yet, that information was used for his subsequent arrest.[1] Additionally, he alleged that the police department, as well as five "non-police personnel," was allowed to enter his residence and remove property, including items that required "deconstructing" of the home such as windows, countertops, and a deck. He suggested that the defendants did so conspiratorially and intentionally, causing damage to or destruction of the property. Mr. Ahearn alleged that the property was not preserved as evidence, but was given to Ms. Davidson, 1921 Jackson Street, and another individual.

Mr. Ahearn advanced a number of causes of action against the defendants, including Ms. Davidson, 1921 Jackson Street, and the City. The causes of action included negligent/intentional infliction of emotional distress, intentional harassment and defamation, malicious prosecution, and damage to property. Mr. Ahearn sought assorted damages, including pain and suffering, mental anguish, and financial loss. He further suggested that the defendants violated constitutional rights, including those related to due process and privacy.

In answering the petitions, Ms. Davidson and 1921 Jackson Street filed exceptions and affirmative defenses. Additionally, Ms. Davidson and 1921 Jackson Street included a reconventional demand against Mr. Ahearn, alleging

---

[1] The First Supplemental and Amending Petition for Damages references an offense report identifying the "offenses" as "Contractor Funds Misapp. (29 counts), Theft Over $500.00, [and] Simple Burglary." In brief, Mr. Ahearn represents that a grand jury returned a "no true bill" and that the district attorney's office "then entered a *Nolle Prosse*, and the charges and case against the Petitioner was [sic] dismissed."

damages related to purported conversion of materials and subsequent work performed in remediation on the job site. Ms. Davidson and 1921 Jackson Street also asserted that: "[a]llegations in the Petition for Damages and the First Supplemental Petition for Damages are defamatory." That final allegation included a prayer for "[a]ll damages allowable by law for defamatory statements, claims and allegations contained in the Petition for Damages and the First Supplemental Petition for Damages[.]"

Mr. Ahearn responded to the reconventional demand with a Special Motion to Strike pursuant to La.Code Civ.P. art. 971. Mr. Ahearn noted that Ms. Davidson's and 1921 Jackson Street's reconventional demand advanced a defamation claim stemming from his petition and supplemental and amending petition. He argued that those pleadings "were made in connection with his right to petition, and done so on an issue under judicial review and made before a judicial proceeding" and therefore subject to the special motion to strike. Mr. Ahearn, therefore, asked that the trial court strike the defamation claim and award attorney fees and costs.

At the hearing on the special motion to strike, Ms. Davidson appeared on her own behalf and as counsel for 1921 Jackson Street. Upon questioning by the trial court, Ms. Davidson specifically denied the petitions' assertions that she represented to the police that she was an attorney for the City at the time she filed the complaint. She instead reported that she did not become employed by the City until well after the subject events.[2] The parties did not otherwise present evidence.

---

[2] Following the trial court's observation that the underlying conduct occurred in December 2012, Ms. Davidson explained that her employment with the City began in October 2013.

The trial court thereafter denied the special motion, noting that Ms. Davidson was acting as a private person in her involvement in the matter and that, at the time of the hearing was merely representing "the LLC which is a private corporation so there is no State action[.]" After hearing from Ms. Davidson regarding the time she spent in preparation for the hearing, the trial court ordered that the attorney who filed Mr. Ahearn's petitions, Thomas Davenport, pay attorney fees in the amount of $750 and court costs of $95.

Mr. Ahearn subsequently filed an application for supervisory writs with this court, asserting that the trial court erred in: 1) denying of the special motion to strike; 2) awarding a pro se litigant attorney fees or, alternatively, awarding more attorney fees than were requested; and in 3) ordering his counsel to personally pay attorney fees.

Additionally, Mr. Davenport filed an appeal, arguing that the trial court erred in ordering him, as attorney, to pay attorney fees and costs or, alternatively, finding him responsible for his client's debts. Like Mr. Ahearn in the corresponding writ application, Mr. Davenport further argues that the trial court erred in awarding attorney fees to a pro se litigant or, alternatively, awarding more attorney fees than were requested.

This court ordered the consolidation of the writ application with the appeal for consideration.[3]

_____

[3] The decree for Mr. Davenport's separate appeal is reported in the companion case. *See Robert E. Ahearn v. City of Alexandria, et al.*, 15-1189 (La.App. 3 Cir. _/_/16), _ So.3d _.

4

## Discussion

*Special Motion to Strike*

With regard to the merits of this matter, Mr. Ahearn argues that the trial court erred in denying his special motion to strike the reconventional demand's defamation claim. He specifically suggests that the trial court erred in doing so based upon the finding that "there is no State action . . . ." Instead, he notes that the defamation claim was based upon claims in his petition and his supplemental and amending petition.

In this regard, La.Code Civ.P. art. 971[4] provides the special motion to strike and instructs that:

> A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.
>
> (2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
>
> (3) If the court determines that the plaintiff has established a probability of success on the claim, that determination shall be admissible in evidence at any later stage of the proceeding.
>
> B. In any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs.

---

[4] Enacted by 1999 La. Acts. No. 734, Article 971 reflects a legislative determination that:

> The legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. The legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To end end, it is the intention of the legislature that the Article enacted pursuant to this Act shall be construed broadly.

*Id.* at § 2.

5

C. (1) The special motion may be filed within ninety days of service of the petition, or in the court's discretion, at any later time upon terms the court deems proper.

(2) If the plaintiff voluntarily dismisses the action prior to the running of the delays for filing an answer, the defendant shall retain the right to file a special motion to strike within the delays provided by Subparagraph (1) of this Paragraph, and the motion shall be heard pursuant to the provisions of this Article.

(3) The motion shall be noticed for hearing not more than thirty days after service unless the docket conditions of the court require a later hearing.

D. All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this Article. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. Notwithstanding the provisions of this Paragraph, the court, on noticed motion and for good cause shown, may order that specified discovery be conducted.

E. This Article shall not apply to any enforcement action brought on behalf of the state of Louisiana by the attorney general, district attorney, or city attorney acting as a public prosecutor.

F. As used in this Article, the following terms shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:

(1) "Act in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue" includes but is not limited to:

(a) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.

(b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.

(c) Any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest.

(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

(2) "Petition" includes either a petition or a reconventional demand.

(3) "Plaintiff" includes either a plaintiff or petitioner in a principal action or a plaintiff or petitioner in reconvention.

(4) "Defendant" includes either a defendant or respondent in a principal action or a defendant or respondent in reconvention.

The courts of this state have interpreted La.Code Civ.P. art. 971(A)(1) to require a two-part burden of proof. The moving party must first prove that the subject cause of action arises from an act in the exercise of his right of free speech regarding a public issue. *See Yount v. Handshoe*, 14-919 (La.App. 5 Cir. 5/28/15), 171 So.3d 381; *Aymond v. Dupree*, 05-1248 (La.App. 3 Cir. 4/12/06), 928 So.2d 721, *writ denied*, 06-1729 (La. 10/6/06), 938 So.2d 85. If the moving party "satisfies this initial burden of proof, then the burden shifts to the plaintiff to show a probability of success on his claim." *Aymond*, 928 So.2d at 727.

Thus, in the event Mr. Ahearn established his initial burden, Ms. Davidson was required to demonstrate a probability of success on her claim of defamation. In addressing the tort of defamation, the supreme court has noted that the cause of action involves the invasion of one's interest in his or her reputation and good name. *Kennedy v. Sheriff of East Baton Rouge*, 05-1418 (La. 7/10/06), 935 So.2d 669 (citing *Costello v. Hardy*, 03-1146 (La. 1/21/04), 864 So.2d 129). A plaintiff advancing a cause of action in defamation must prove: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Id.* at 674.

The transcript reveals that the trial court rejected the special motion to strike, finding that: "[T]his action under 971 is inappropriate because . . . there is no State

7

action by Ms. Davidson. She's a private person and today she is representing the LLC which is a private corporation so there is no State action so the Motion to Strike is . . . denied." It is unclear from this ruling whether the trial court considered this matter pursuant to the two-fold burden of proof. In any event, however, an appellate court's review of a trial court's ruling on a special motion to strike is *de novo*, as the matter presented involves an issue of law. *See Aymond*, 928 So.2d 721. Upon review of this matter under that standard, we find error in the trial court's determination.

First, and with regard to the plaintiff's burden of proving that the pertinent cause of action arises from an act in the exercise of his right of petition or free speech in connection with a public issue, Ms. Davidson's reconventional demand for defamation states that: "Allegations in the Petition for Damages and First Supplemental Petition for Damages are defamatory." The prayer for damages was also solely tied to the petitions and sought: "All damages allowable by law for defamatory statements, claims and allegations contained in the Petition for Damages and the First Supplemental Petition for Damages[.]" Thus, the defamation claim stemmed solely from Mr. Ahearn's court filings. Louisiana Code of Civil Procedure Article 971(F) specifically provides that an:

(1) "Act in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue," includes but is not limited to:

(a) Any written or oral statement or writing made before a . . . judicial proceeding[.]

Under the plain wording of this provision, Mr. Ahearn satisfied his initial burden as the petitions were clearly writings made before a judicial proceeding. *See Gwandiku v. State Farm Mut. Auto Ins. Co.*, 07-580 (La.App. 3 Cir. 10/31/07), 972

So.2d 334 (wherein a panel of this court cited Article 971(F)(1)(a) and determined that a defamation claim arising from a witness's testimony before a court and addressing a matter of medical billing arose from an act in furtherance of the witness's right of free speech and in relation to a public issue).

Finding that petitions fall within the ambit La.Code Civ.P. art. 971, Ms. Davidson and 1921 Jackson Street were required to demonstrate the probability of success on the defamation claim. Article 971A(2) provides that: "the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based." While the record contains the parties' respective pleadings, neither party introduced affidavits at the hearing. Instead, Ms. Davidson's argument focused upon the allegation that she had informed police officials that she was an attorney for the city. As stated above, Ms. Davidson refuted that claim, contrasting the dates of the underlying events with her subsequent employment by the city. However, Mr. Ahearn's petitions contained wide-ranging allegations regarding Ms. Davidson's and 1921 Jackson Street's conduct that pertained to matters beyond representations regarding her employment, or lack thereof, with the City. These larger allegations pertained to, among other things, removal and retention of property Mr. Ahearn represents as his own. On the issue of such property-based claims, the record includes only the parties' cross-pleadings. With each party asserting their respective positions as to ownership and propriety of the actions, the probability of success of the defamation claim cannot be determined. Simply, the adverse pleadings offer no insight into the elements of falsity, unprivileged publication to another, fault, and injury, as described by *Kennedy*, 935 So.2d 669. Accordingly, Ms. Davidson and 1921 Jackson Street failed to sustain their requisite burden of proof.

For this reason, we below reverse the trial court's denial of the special motion to strike and grant that motion in favor of Mr. Ahearn.

*Attorney Fees and Costs*

In the prayer of his writ application on the merits, Mr. Ahearn seeks an award of attorney fees upon this court's granting of the special motion to strike. Notably, La.Code Civ.P. art. 971(B) dictates that "a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs." Accordingly, Mr. Ahearn is entitled to such an award. However, we remand this matter to the trial court for the imposition of that award as neither the record nor the memorandum to this court evidence the attorney fees or trial costs involved. In the decree that follows, we order the payment of costs associated with this appeal, but leave the award of attorney fees incurred at both the trial and appellate levels and the court costs at the trial level to the trial court upon remand.

Further, and in the companion appeal of this matter, we reverse the award of attorney fees and costs in favor of Ms. Davidson and 1921 Jackson Street. We do not address Mr. Ahearn's attorney's argument that the trial court erred in imposing the fee against him as that issue is rendered moot by the reversal of the order.

**DECREE**

For the foregoing reasons, the application for supervisory writs is granted, reversing the denial of the special motion to strike filed by the plaintiff/defendant-in-reconvention/relator, Robert E. Ahearn. Judgment is entered, granting the special motion to strike and thereby striking the cause of action of defamation contained within the reconventional demand of the defendants/plaintiffs-in-reconvention/respondents, Catherine Davidson and 1921 Jackson Street, LLC. Costs of this writ application are assigned to Ms. Davidson and 1921 Jackson

Street, LLC.  This matter is remanded for the award of trial and appellate attorney fees and trial costs in favor of Mr. Ahearn.

**WRIT GRANTED.  REVERSED.  SPECIAL MOTION TO STRIKE GRANTED AND RENDERED.  REMANDED WITH INSTRUCTIONS.**