# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-546

**GANEY ARSEMENT**

**VERSUS**

**KARL BRUCHHAUS, INDIV. AND IN HIS OFFICIAL CAPACITY, ETC., PETER COOK AND KEITH LEGER**

************
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 2017-2754
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

************
## SYLVIA R. COOKS
### JUDGE
************

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Jonathan W. Perry, Judges.

**AFFIRMED, AS AMENDED AND RENDERED.**

Brian F. Blackwell
Blackwell and Associates
8322 One Calais Avenue
Baton Rouge, LA 70809
(225) 769-2462
COUNSEL FOR PLAINTIFF/APPELLANT:
    Ganey Arsement

Mindy Brickman
P. Ryan Plummer
Christovich & Kearney, LLP
Pan American Life Center
601 Poydras Street, Suite 2300
New Orleans, LA 70130-6078
(504) 561-5700
COUNSEL FOR DEFENDANT/APPELLEE:
    Dr. Keith Leger

**COOKS, Judge.**

Plaintiff-appellant, Ganey Arsement, is an employee of the Calcasieu Parish School Board. During the pertinent time period, Mr. Arsement was employed as a teacher at Barbe High School in Lake Charles. Mr. Arsement was active on various social media platforms, often advocating his positions and views on the state of public education in Louisiana.

Mr. Arsement alleged that Peter Cook and Dr. Keith Leger instituted actions to embarrass him "through postings made on the internet and through direct contact with Mr. Arsement's employer." Mr. Arsement was particularly concerned by emails sent by Dr. Leger to members of the Calcasieu Parish School Board, referencing an article posted on the internet by Mr. Cook that detailed the alleged use of sick days for personal use by Mr. Arsement to advance his personal political beliefs and an attached document listing forty-seven social media posts by Mr. Arsement that were made purportedly during school business hours. Mr. Arsement removed the dispute from the internet to the court system on July 6, 2017, when he brought an action against both Mr. Cook and Dr. Leger for injunctive relief and damages alleging the violation of the "School Employees Personnel Files Act," defamation, and invasion of privacy.

Mr. Cook did not answer, and on September 20, 2017, a preliminary default was entered against him. On January 4, 2018, Mr. Arsement confirmed a default judgment against Mr. Cook, and a formal judgment was signed on February 15, 2018. The judgment restrained Mr. Cook from further use of the contents of Mr. Arsement's personnel file, in particular his attendance records; and ordered Mr. Cook to remove from the internet and all information obtained from the contents of Mr. Arsement's personnel file within ten days of the judgment. Mr. Arsement was also awarded $30,000.00 in damages against Mr. Cook.

In response to the petition, Dr. Leger filed a Special Motion to Strike the Plaintiff's Petition pursuant to La.Code Civ.P. art. 971 (the Louisiana Anti-SLAPP statute). Dr. Leger maintained the claims asserted against him arose out of actions in furtherance of his right to free speech under the United States and Louisiana Constitutions in connection with the issue of public education and education reform and Mr. Arsement could not establish any probability of success of the claims against Dr. Leger. Mr. Arsement opposed the motion.

A hearing was held on Dr. Leger's motion on January 4, 2018, and following arguments, the trial court granted the motion to strike and awarded Dr. Leger reasonable attorney fees and costs pursuant to La. Code Civ.P. art. 971(B). Counsel for Mr. Leger was ordered to submit an itemized list of expenses to opposing counsel and the court for review. A judgment was signed on March 14, 2018, ordering all claims against Dr. Leger to be stricken and dismissed with prejudice. Mr. Arsement was also ordered to pay "all attorney's fees and costs incurred in the defense of these claims" by Dr. Leger.

On April 9, 2018, counsel for Dr. Leger sent an email to Mr. Arsement's counsel demanding payment of $44,919.24 for attorney fees and costs. Counsel for Mr. Arsement sent a reply maintaining that many of the charges listed "were incurred for clients other than Dr. Leger" and that it was his opinion "the charges exceed what is reasonable in relation to the case." It was suggested a motion be filed to have the trial court determine reasonable attorney fees and costs in the matter.

On April 27, 2018, Dr. Leger filed a Motion to Enforce Judgment. Mr. Arsement opposed the motion. A Rule to Show Cause to Set Attorney Fees was set for February 26, 2019. Shortly before the hearing, Dr. Leger filed a memorandum in which he maintained reasonable attorney fees and costs amounted to $71,174.16. Following the hearing on February 26, 2019, the trial court concluded "it's the courts position that the sum of $71,174.16 will be reduced by 20 percent." A formal

3

judgment was signed on March 27, 2019, providing "attorney's fees and in the amount of $56,939.33 are hereby awarded to defendant, Dr. Keith Leger to be paid by Plaintiff, Ganey Arsement."

This appeal was timely filed, wherein Mr. Arsement asserts the following assignments of error:

1. The trial court abused its discretion and committed manifest error in awarding attorney's fees to Dr. Keith Leger where the evidence established that Dr. Leger did not incurred [sic] any attorney's fees.

2. The trial court abused its discretion and committed manifest error in awarding Dr. Keith Leger attorney's fees in excess of those specifically associated with the special motion to strike.

3. The trial court abused its discretion and committed manifest error in awarding Dr. Keith Leger costs in excess of those specifically associated with the special motion to strike.

4. The trial court abused its discretion and committed manifest error in awarding Dr. Keith Leger $56,939.33 in attorney's fees and costs.

5. The trial court abused its discretion and committed manifest error in awarding Dr. Leger costs not authorized by statute.

**ANALYSIS**

Louisiana Code of Civil Procedure Article 971 was enacted by the legislature as a procedural device to be used in the early stages of litigation to screen out meritless claims brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. *Gwandiku v. State Farm Mut. Auto. Ins. Co.*, 07-580 (La.App. 3 Cir. 10/31/07), 972 So.2d 334; *Lee v. Pennington*, 02-381 (La.App. 4 Cir. 10/16/02), 830 So.2d 1037, *writ denied*, 02-2790 (La. 1/24/03), 836 So.2d 52. Accordingly, La.Code Civ.P. art. 971 provides that a cause of action against a person arising from any act in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitutions in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability

4

of success on the claim. *Gwandiku*, 972 So.2d 334. Pertinent to this matter, La.Code Civ.P. art. 971(B) provides "[i]n any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs."

Dr. Leger points out that Mr. Arsement has only appealed the March 27, 2019 judgment awarding attorney fees and costs to Dr. Leger. There was no appeal of the March 14, 2018 judgment that granted the special motion to strike and dismissed all of Mr. Arsement's claims against Dr. Leger. Thus, the only issue before this court is the award of attorney fees and costs pursuant to La.Code Civ.P. art. 971(B).

Mr. Arsement argues this court should entirely reverse the award of attorney fees and costs to Dr. Leger because it was Dr. Leger's employer that expended all amounts for attorney fees and costs below. We disagree. The plain wording of La.Code Civ.P. art. 971(B) (emphasis added) states the prevailing party on a special motion to strike "***shall be awarded*** reasonable attorney fees and costs." The express terms of the statute require the prevailing party be awarded the attorney fees and costs required to bring the special motion to strike. There is no qualification to that mandatory requirement.

In support of his argument, Mr. Arsement cites the case of *Cruz v. Van Sickle*, 452 S.W.3d 503 (Tex.App. 2014), a Texas case where the court did not award attorney fees under the Texas Anti-SLAPP statute because the defendants therein were being represented pro bono. As Mr. Arsement notes, the court did so "because they did not at any time become liable for the attorney fees set forth in the invoice." The present facts are clearly distinguishable from the Texas case as counsel for Dr. Leger was not working pro bono, and someone is responsible for the attorney fees and costs incurred. Under La.Code Civ.P. art 971(B), that party is the non-prevailing party on the special motion to strike, Mr. Arsement.

5

Mr. Arsement also notes, correctly, that the amount of attorney fees awarded are to be only those "associated with the motion to strike." The implication is that the hours incurred by Dr. Leger's counsel to prove the *amount* of attorney fees owed should not be included in the award. While we do find that if all work performed since the hearing and subsequent judgment granting the special motion to strike had been strictly to enforce the prior judgment, the hours incurred in pursuit of that end would be appropriately awarded. Accordingly, had the trial court not found merit in Mr. Arsement's contention that counsel for Dr. Leger's claimed hours were excessive, we agree attorney fees would be appropriately awarded for the work necessitated to enforce the judgment. However, that was not the case and we do find merit in this argument, because Mr. Arsement's challenge as to the legitimacy of the claimed hours by Dr. Leger's counsel was ultimately determined to be correct. The trial court specifically found as follows:

> I do believe that counsel for Mr. Arsement has pointed out some areas to where it looked like some alternative defenses were considered. There is some correspondence from other parties, multiple parties that may have been involved in this and not the actual defendant, since there were multiple defendants originally in place; and it's the Court's position that the sum of $71,174.16 will be reduced by 20 percent.

Therefore, Mr. Arsement presented argument and evidence to the trial court that a portion of the amount of attorney fees claimed by Dr. Leger's counsel was not related to the motion to strike brought against Mr. Arsement. In this court's view, it would be unreasonable to allow Dr. Leger's counsel then to claim another $26,254.92 in attorney fees for unsuccessfully rebutting Mr. Arsement's argument that the attorney fees claimed were excessive. Therefore, we amend the trial court's judgment to remove the $26,254.92 in attorney fees and costs allegedly incurred subsequent to the March 14, 2018 judgment granting the motion to strike.

Mr. Arsement also challenges the overall reasonableness of the attorney fees and costs award made by the trial court, including that amount incurred prior to the

March 14, 2018 judgment. The trial court found that $44,919.24 in attorney fees and costs for the period through April 9, 2018 were appropriate, subject to a twenty percent reduction it ultimately granted due to the fact the trial court found some of the claimed hours and work were not related to the motion to strike. That twenty percent reduction reduced the amount owed in attorney fees and costs to $35,935.39. This amount involved the consultations with Dr. Leger and the preparation of the pleadings on the motion to strike. It also encompassed the research and preparation of the memorandum, the accompanying affidavit in support of the motion to strike, the subsequent reply memorandum, as well as the preparation for and participating in several court appearances necessary to secure the successful result achieved by counsel. After reviewing the record, we cannot say the trial court erred in making the awards he did for the time period through the successful bringing of the motion to strike. The amount awarded in attorney fees is left to the discretion of the trial court and should not be disturbed absent an abuse of that discretion. See *Corbello v. Iowa Prod.*, 02-826 (La. 2/25/03), 850 So.2d 686.

## DECREE

For the foregoing reasons, the portion of the lower court judgment finding Dr. Keith Leger was entitled to attorney fees and costs incurred in the bringing of the motion to strike is affirmed. The judgment is amended and hereby rendered to award $35,935.39 in such attorney fees and costs through the March 14, 2018 judgment granting the motion to strike. This amount reflects the $44,919.24 amount of attorney fees and costs claimed by Dr. Leger, minus the twenty percent reduction ($8,983.85) found to be necessary by the trial court. Costs of this appeal are assessed equally to both parties.

**AFFIRMED, AS AMENDED AND RENDERED.**

7